**Michael W. GATES, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 49S00–0011–CR–633.

Supreme Court of Indiana.

Dec. 20, 2001.

———————

Victoria Ursulskis, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Michael W. Gates was convicted and sentenced for rape, criminal deviate conduct, and criminal confinement. He seeks relief from his sentence for criminal confinement on both statutory and double jeopardy grounds. We affirm.

## Facts and Procedural History

Gates met F.T. while dating her mother. Following his break-up with the mother, Gates lived briefly with F.T. and her boyfriend. Around 9 a.m. on November 25, 1998, Gates went to F.T.'s home and asked to use the telephone. F.T. had been sleeping. She let Gates in and returned to bed, asking him to lock the door when he left.

F.T. awoke when Gates jumped onto her bed. Gates told F.T. he was "drunk and pissed off and not to mess with him." (R. at 252, 254.) F.T. noticed Gates was holding a rope and a knife. Gates hit F.T.'s head against the headboard a few times, tied her hands behind her back with the twine, covered her mouth with a bandana, and removed her nightgown by cutting the straps with the knife.

Gates put the knife to F.T.'s throat and compelled her to walk to another bedroom in the house. In that bedroom, Gates made F.T. perform oral sex. He then forced sexual intercourse. Gates also inserted the handle of his knife and another object (F.T. believed it was a bottle of baby oil) into her vagina.

The telephone rang while Gates and F.T. were in the back bedroom. Gates held the knife to F.T.'s throat and forced her into the living room to answer the phone. Gates threatened to kill her if she said anything. After the call, Gates forced

F.T. to perform oral sex while in the living room. He then took her back into the bedroom where he again raped her vaginally.

After this final assault, Gates became distraught. He cried and apologized and told F.T. she could call the police. F.T. told him to leave. She then called her boyfriend, who returned home and helped her contact the police.

Gates was charged with one count of rape, a class A felony, three counts of class A criminal deviate conduct, and one count of confinement, a class B felony. The State also charged Gates with being an habitual offender.

The jury convicted Gates of the rape, two counts of criminal deviate conduct, and confinement. Gates admitted to being an habitual offender. The court imposed sentences of fifty years for rape, adding thirty years for the habitual finding; followed by concurrent terms of fifty years for each deviate conduct conviction; and twenty years for confinement. (R. at 24, 551–53.) The total executed term is thus 130 years.[1] *Id.*

### The Confinement Sentence

Gates argues the trial court violated Indiana Code § 35–38–1–6 and Article I, § 14 of the Indiana Constitution when it sentenced him for criminal confinement. (Appellant's Br. at 5–6.) The code section in question prohibits the court from entering judgment and sentencing on both an offense and an included offense. Ind.Code Ann. § 35–38–1–6 (West 2000). Article I, § 14 of the Indiana Constitution ensures that "[n]o person shall be put in jeopardy twice for the same offense."

Certainly, one who commits rape or criminal deviate conduct necessarily "con-

fines" the victim at least long enough to complete such a forcible crime. Without pausing to elaborate on the statutory or constitutional frameworks, Gates' entitlement to relief depends upon whether the confinement exceeded the bounds of the force used to commit the rape and criminal deviate conduct.

Gates' specific contention is that the confinement was a means used to commit the rape and criminal deviate conduct because F.T. was bound only during the commission of the charged offenses. (Appellant's Br. at 7.) He relies on *Griffin v. State,* 583 N.E.2d 191 (Ind.Ct.App.1991), and *Harvey v. State,* 719 N.E.2d 406 (Ind.Ct.App.1999).

In both *Griffin* and *Harvey,* the court found the confinement charge to be a lesser included offense because it was confinement by force. In *Griffin,* the defendant confined the victim by holding her on the ground while he attempted to rape her, and that act was also charged as evidence of the attempted rape. *Griffin,* 583 N.E.2d at 195. In *Harvey,* the defendant was charged with confinement by detaining the clerk while he robbed a liquor store. *Harvey,* 719 N.E.2d at 408, 412. In neither case did the perpetrator attempt to confine the victim through any means or actions beyond those inherent in the commission of the crime. In each of these cases, neither the crime nor the attempt could have been accomplished without employing the restrictive force charged.

In the instant case, despite a similar duration, Gates' confinement of F.T. was distinct and elevated from the restraint necessary to commit the other charged crimes. The State charged that Gates tied F.T.'s hands with twine while armed with a

---

1. I.e., eighty years for rape, plus fifty years for the deviate conduct and confinement convic-
tions.

knife. (R. at 30.) The elements of confinement and use of force were distinct in this case. *See Harvey,* 719 N.E.2d at 411. Gates threatened F.T. with the knife during the commission of each crime with which he was charged.[2] The tying of F.T.'s hands was not an essential element of the rape or criminal deviate conduct.

The State provided evidence that Gates approached F.T. while armed with a knife and tied her hands behind her back with twine. (R. at 254–55.) There was also testimony and photographic evidence showing marks on F.T.'s wrists made by the twine, (R. at 351, 365, 380, 382–85, 458), and showing that twine was found in a trash can in F.T.'s home after the rape, (R. at 277, 460). Such evidence portrays the confinement as an independent crime. The tying of F.T.'s hands was not a necessary part of the rape and criminal deviate conduct. Such restriction is not integral to the force or limitations inherent in those charges.

Because Gates used additional methods to restrict F.T.'s freedom, the trial court properly sentenced him on the criminal confinement count.

### Conclusion

The judgment of the trial court is affirmed.

SULLIVAN, BOEHM, and RUCKER, JJ., concur.

DICKSON, J., concurs in result.

2. It is well established in Indiana that the use of a single deadly weapon during the commission of separate offenses may enhance the level of each offense. *See White v. State,* 544 N.E.2d 569, 570 (Ind.Ct.App.1989); *Carrington v. State,* 678 N.E.2d 1143, 1147–48 (Ind. Ct.App.1997).