**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 31 2014, 6:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ALEXANDER L. HOOVER**
Law Office of Christopher G. Walter
Nappanee, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DAVONTA K. JOHNSON, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 20A03-1307-CR-294 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1209-FB-97

**March 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Davonta K. Johnson appeals from the trial court's sentencing order entered after Johnson's convictions of one count of burglary[1] as a Class B felony and one count of robbery[2] as a Class B felony, contending that the trial court's use of the same aggravating factors to enhance both sentences was a violation of his double jeopardy protections under the Indiana Constitution and the United States Constitution.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Kevin and Sadie Mahone hired a woman known as Shea to babysit their two young children while the Mahones were at work. Shea would come to the Mahones' house to pick up the children and care for the children elsewhere during the Mahones' shifts at work. Johnson, who was Shea's boyfriend and the father of her child, would sometimes accompany Shea when she picked up the children and entered the Mahones' home with Shea on those occasions.

Prior to August 17, 2012, Shea failed to show up on one occasion when she was scheduled to babysit for the Mahones' children. The Mahones were forced to miss work in order to care for their children and decided to withhold Shea's pay until such time that they could discuss Shea's absence with her. On the evening of August 17, 2012, Johnson came to the Mahones' house to collect the money that Shea was purportedly owed. Johnson and Kevin, who were both outside the Mahones' house, argued, and the argument turned into a physical altercation after some time. Both Kevin and Johnson left the premises.

---

[1] *See* Ind. Code § 35-43-2-1.

[2] *See* Ind. Code § 35-42-5-1.

2

Later that evening, when Sadie was giving her infant a bath, she heard a loud noise that sounded like a door had been kicked open in the other room. Sadie went to investigate the source of the sound and found Johnson inside her home holding a gun to the head of her three-year-old daughter. The Mahones kept money in baby formula jars in the kitchen. Johnson walked toward the kitchen shelves, took money out of a formula jar, and left the Mahones' home. Police who were dispatched to the scene found signs of forced entry at the door.

The State charged Johnson with burglary as a Class B felony, alleging that Johnson broke and entered the Mahones' home with the intent to commit theft, and armed robbery as a Class B felony. At the conclusion of Johnson's bench trial, the trial court found Johnson guilty of both counts.

At Johnson's sentencing hearing, the trial court found as mitigating factors Johnson's age, 22, and the statements made at sentencing by Johnson and his counsel. The trial court found the following aggravating factors: 1) Johnson's moderate risk to reoffend; 2) Johnson's criminal history, consisting of extensive juvenile and adult contacts with law enforcement and multiple prior convictions; 3) Johnson was on probation at the time he committed the offenses; 4) Johnson's regular marijuana use, which was indicative of his disregard for the law; 5) lesser sanctions had failed to rehabilitate Johnson; 6) Johnson inserted himself into a dispute between other individuals; and 7) there were two small children who were victimized due to their presence during the crimes and the fact that a gun was held to the head of the three-year-old child. The trial court sentenced Johnson to nineteen years executed on each count to be served concurrently. Johnson now appeals.

**DISCUSSION AND DECISION**

Johnson appeals from the trial court's sentencing order, contending that using the same aggravating factors to enhance both sentences was a violation of his double jeopardy protections under the Indiana and federal constitutions. Johnson concedes that his convictions for burglary and robbery do not violate double jeopardy principles. Instead, Johnson claims that his sentence violates Indiana's common law double jeopardy rules because the trial court used the same reasons, i.e., pointing a gun to the head of a three-year-old, to impose a sentence above the advisory sentence for each offense.

One of the common law rules prevents a "[c]onviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished." *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (quoting *Richardson v. State*, 717 N.E.2d 32, 56 (Sullivan, J., concurring)). In other words, the State cannot seek to enhance the level of an offense from one felony level to another based on the same fact that constitutes another offense for which the defendant is convicted. *See Gross v. State*, 769 N.E.2d 1136, 1139 (Ind. 2002) ("where a single act forms the basis of both a Class A felony robbery conviction and also the act element of the murder conviction, the two cannot stand."). This rule was not violated in the present case because Johnson's robbery conviction was enhanced to a Class B felony because it was committed while armed with a deadly weapon, and Johnson's burglary conviction was enhanced to a Class B felony because the building was a dwelling, i.e., the Mahones' home.

Johnson has confused the concepts of the enhancement of an offense to a greater level of felony with the enhancement of a sentence above the advisory sentence. In *Miller v. State*, 790 N.E.2d 437, 439 (Ind. 2003) (quoting *Gates v. State*, 759 N.E.2d 631, 633 n.2 (Ind. 2001)), our Supreme Court reemphasized that "the use of a 'single deadly weapon during the commission of separate offenses may enhance the level of each offense.'" The remedy for a double jeopardy violation is to vacate the conviction, or to reduce the conviction to a lesser level of felony in recognition of the double-jeopardy problem. *See e.g.*, *Orta v. State*, 940 N.E.2d 370, 377 (Ind. Ct. App. 2011). What Johnson seeks here, is a reduction of the length of his sentence, which demonstrates that his claim does not actually implicate common law double jeopardy rules.

To the extent that Johnson might be arguing that the trial court improperly used an element of the offense of robbery to enhance the robbery sentence, the claim also fails. "[T]he consideration of a material element of a crime as an aggravator 'is no longer an inappropriate double enhancement.'" *Gomillia v. State*, 993 N.E.2d 306, 310 (Ind. Ct. Ap. 2013). Additionally, the particularized circumstances of an offense are valid considerations for the purpose of sentencing. *Id*. at 310-11. The trial court observed that there were two additional victims of Johnson's crimes, namely the two young children who were present during the commission of the crimes, and that one of the children had a gun held to her head during the commission of the crimes. The trial court did not err.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.