ATTORNEYS FOR APPELLANT
Timothy J. O'Connor
O'Connor & Auersch
Indianapolis, Indiana

Ruth Ann Johnson
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General

Stephen R. Creason
Deputy Attorney General

Andrew A. Kobe
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**
Jul 30 2015, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

### No. 49S05-1410-CR-654

GARY SISTRUNK,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, Criminal Division Room 5
No. 49G05-1202-FB-010112
The Honorable Grant W. Hawkins, Judge
The Honorable Christina Klineman, Master Commissioner

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-1211-CR-567

**July 30, 2015**

**Rucker, Justice.**

Gary Sistrunk challenges his convictions for robbery and criminal confinement as class B felonies contending, among other things, they violate Indiana's constitutional ban on double jeopardy. We affirm the judgment of the trial court.

**Facts and Procedural History**

On February 5, 2012, Gary Sistrunk entered a gas station in Marion County and purchased a cigar. As the attendant was returning Sistrunk's change, Sistrunk produced a handgun, pointed it at the attendant and demanded money from the cash register. The attendant complied. Sistrunk then demanded money from the safe. The attendant responded that she was unable to open the safe. Instead she handed Sistrunk two safety-deposit bags containing cash. Sistrunk then "told [the attendant] to sit on the ground and [she] sat on the ground, he stood there for about a minute and then [] walked out the door," and she "waited for about [two] minutes to call the police." Tr. at 26.

A Crime Stoppers' tip led police to focus on Sistrunk as a person of interest. Thereafter the attendant positively identified Sistrunk from a photo array as the man who robbed the gas station. On February 14, 2012, the State charged Sistrunk with robbery and criminal confinement, both as class B felonies. Thereafter Sistrunk, represented by private counsel, filed a motion asserting his indigence and requesting public funds to pay the expenses of an expert witness on the subject of eyewitness identification. After conducting a hearing the trial court agreed Sistrunk was indigent for purposes of the motion but denied the request for public funds.

Sistrunk waived his right to trial by jury. A bench trial was conducted on October 4, 2012, at the conclusion of which the trial court found Sistrunk guilty as charged. Thereafter the trial court sentenced Sistrunk to two concurrent six-year terms of imprisonment. Sistrunk appealed contending the two convictions violated Indiana's prohibition on double jeopardy because the force used to support the robbery conviction was coextensive with the force used to support the confinement conviction. Sistrunk also contended the trial court abused its discretion in denying his request for public funds to retain the services of an expert witness. The Court of Appeals unanimously affirmed the trial court's decision on this latter point. However in a

2

divided opinion the court determined Sistrunk's convictions for robbery and criminal confinement did not violate Indiana's constitutional ban on double jeopardy, but it *sua sponte* determined that the same evidence, namely, Sistrunk's act of being armed with a deadly weapon, was improperly used to enhance both of his convictions from class C to class B felonies. See Sistrunk v. State, 11 N.E.3d 925 (Ind. Ct. App. 2014), vacated. We disagree with our Court of Appeals colleagues on this point, and we previously granted transfer to explore the issue. In all other respects, we summarily affirm the opinion of the Court of Appeals. See Ind. App. R. 58(A)(2).

**Discussion**

Article 1, Section 14 of the Indiana Constitution provides: "No person shall be put in jeopardy twice for the same offense." In Richardson v. State, 717 N.E.2d 32 (Ind. 1999), this Court reviewed the history of the Indiana Constitution's Double Jeopardy Clause to determine and articulate a single comprehensive rule synthesizing and superseding previous formulations and exceptions. In so doing we explained that two or more offenses are the "same offense" in violation of the Indiana Double Jeopardy Clause if, "with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." Id. at 49. However, in addition to the protections afforded by the Indiana Double Jeopardy Clause, this Court has "long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in Richardson." Pierce v. State, 761 N.E.2d 826, 830 (Ind. 2002). Among these is the rule that precludes a "[c]onviction and punishment for an enhancement of a crime where the enhancement is imposed for the *very same behavior* or harm as another crime for which the defendant has been convicted and punished." Guyton v. State, 771 N.E.2d 1141, 1143 (Ind. 2002) (emphasis added) (quoting Richardson, 717 N.E.2d at 56 (Sullivan, J., concurring)).

In the case before us, the Court of Appeals acknowledged that "[t]he repeated use of a weapon to commit multiple separate crimes is not 'the very same behavior' precluding its use to separately enhance the resulting convictions." Sistrunk, 11 N.E.3d at 931 (quoting Miller v.

3

State, 790 N.E.2d 437, 439 (Ind. 2003)).  However, relying on the concurring opinion in Miller the court concluded that unlike the defendant in that case, here Sistrunk did not repeatedly use his handgun or use it more than once in committing the offenses for which he was convicted. Thus, his use of the handgun was in fact the very same behavior precluding its use to enhance both of his convictions.  Sistrunk, 11 N.E.3d at 932.

We first observe that it is not apparent the majority in Miller endorsed the view expressed by the concurrence.  Indeed the Miller Court expressly declared that "the use of a single deadly weapon during the commission of separate offenses may enhance the level of each offense."  790 N.E.2d at 439 (quotation omitted).  More importantly, this rule predates Richardson by several years and thus cannot be said to be included in the "very same behavior" category of examples precluding enhancements.  See, e.g., Bivins v. State, 642 N.E.2d 928, 945 (Ind. 1994) (rejecting assertion that defendant's convictions for robbery and confinement cannot both be aggravated to class B felonies by the same "use of a deadly weapon" aggravator); Carrington v. State, 678 N.E.2d 1143, 1147-48 (Ind. Ct. App. 1997) (no double jeopardy violation where defendant's rape and robbery convictions were enhanced because defendant was armed with a knife during commission of both crimes), trans. denied; Peterson v. State, 650 N.E.2d 339, 340 (Ind. Ct. App. 1995) (no double jeopardy violation where defendant's robbery and rape convictions were enhanced based upon his possession of a single deadly weapon during the commission of the offenses); Brown v. State, 633 N.E.2d 322, 324 (Ind. Ct. App. 1994) (no double jeopardy violation where defendant's robbery and confinement convictions were enhanced because he was armed with a knife during commission of the crimes), trans. denied.  And post-Richardson this Court decided Gates v. State, 759 N.E.2d 631 (Ind. 2001).  In that case the defendant threatened his victim with a knife during the commission of rape, criminal deviate conduct, and criminal confinement, all of which had been enhanced to class B felony offenses because the defendant had been armed with a knife while committing the offenses.  Affirming the defendant's conviction we observed in a footnote: "It is well established in Indiana that the use of a single deadly weapon during the commission of separate offenses may enhance the level of each offense."  Id. at 633 n.2.

4

In sum, our jurisprudence teaches that committing two or more separate offenses each while armed with a deadly weapon—even the same weapon—is not within the category of rules precluding the enhancement of each offense based on "the very same behavior." Stated somewhat differently, our recognition in <u>Richardson</u> of the common law rule establishing that enhancements cannot be imposed for the very same behavior could not have included use of a single deadly weapon during the commission of separate offenses. And this is so because no such common law rule existed. Instead the opposite was true.

**Conclusion**

We affirm the judgment of the trial court.

Rush, C.J., and Dickson, David and Massa, JJ., concur.