## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 01 2016, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Damon Hohman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 1, 2016

Court of Appeals Case No.
49A02-1603-CR-442

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge

Trial Court Cause No.
49G03-1507-F1-24667

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial, Damon Hohman was convicted of, *inter alia*, criminal confinement as a Level 3 felony and battery by means of a deadly weapon as a Level 5 felony. On appeal, Hohman challenges his convictions for criminal confinement and battery by means of a deadly weapon, raising two issues for our review: (1) whether the evidence is sufficient to sustain these convictions, and (2) whether these convictions violate the prohibition against double jeopardy. Concluding the evidence is sufficient and Hohman's convictions do not violate the prohibition against double jeopardy, we affirm.

# Facts and Procedural History

[2] In 2011, Hohman and Ann McDowell began dating and eventually had one child together. In May 2014, the couple ended their relationship. By December 2014, McDowell was dating Marlan King. On December 9, 2014, King and McDowell went on a date and did not return to McDowell's home until two in the morning. Not long after they arrived, they began arguing, so King returned to his home and McDowell went to bed.

[3] At some point after McDowell fell asleep, she awoke to a man on top of her inserting his penis inside of her. McDowell initially thought the man was King but then opened her eyes and realized it was Hohman. Hohman had pinned her to the bed so she could not move and threatened her with a knife she recognized from a set of knives from her kitchen. When McDowell put her

hands to her face and began crying, she discovered she had been cut on her hand while sleeping and was bleeding. Hohman said he had to cut her because she "wouldn't stop moving." Transcript at 416.

[4] Eventually, Hohman allowed McDowell to enter the bathroom to get dressed. The two began arguing. Hohman then slapped McDowell in the face and ordered her to return to the bed. McDowell slammed the bathroom door shut, escaped through the second-floor bathroom window, and ran to a neighbor's house. Hohman fled the scene. The police were called and Hohman was later arrested. A search of McDowell's home found a knife from her knife set was missing, but the knife used in the attack was never recovered.

[5] The State charged Hohman with rape as a Level 1 felony, burglary as a Level 2 felony, criminal confinement as a Level 3 felony, battery by means of a deadly weapon as a Level 5 felony, domestic battery as a Level 6 felony, battery resulting in bodily injury as a Class A misdemeanor, and invasion of privacy as a Class A misdemeanor. In August 2015, a jury found Hohman not guilty of burglary and guilty of domestic battery, Class A misdemeanor battery, and invasion of privacy. The jury reached an impasse as to the rape, criminal confinement, and battery by means of a deadly weapon charges, and a second jury trial was held in January 2016 as to those counts. The jury found Hohman not guilty of rape, but guilty of criminal confinement and battery by means of a deadly weapon. Hohman now appeals only his convictions for criminal confinement and battery by means of a deadly weapon.

# Discussion and Decision

## I. Sufficiency of the Evidence

### A. Standard of Review

[6] When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We neither reweigh the evidence nor reassess the credibility of witnesses. *Id.* We will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* at 146-47 (citation omitted).

### B. Use of a Deadly Weapon

[7] Hohman argues the evidence is insufficient to support his convictions for criminal confinement and battery by means of a deadly weapon. The State charged Hohman with criminal confinement as a Level 3 felony, alleging he committed the offense while armed with a deadly weapon. Indiana Code section 35-42-3-3(a) states a person who knowingly or intentionally confines another person without the other person's consent commits criminal confinement as a Level 6 felony. The crime is elevated to a Level 3 felony if the offense is committed while armed with a deadly weapon. Ind. Code § 35-42-3-3(b)(2)(A). The State also charged Hohman with battery by means of a deadly weapon as a Level 5 felony. Indiana Code section 35-42-2-1(c) states a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery as a Class B misdemeanor. The crime is

elevated to a Level 5 felony if the offense is committed with a deadly weapon. Ind. Code § 35-42-2-1(g)(2).

[8] The crux of Hohman's argument is that, because law enforcement did not find the knife, coupled with his contention McDowell's testimony is unreliable, there is a reasonable possibility no knife was actually used in the commission of these crimes. Such an argument invites us to reweigh the evidence and reassess witness credibility, which we will not do. *Drane*, 867 N.E.2d at 146. The evidence establishes McDowell awoke to Hohman on top of her, pinning her to the bed so she was unable to move, and threatening her with a knife. In addition, McDowell discovered she had been cut on her hand while she slept. Hohman admitted to cutting her. Moreover, McDowell recognized the knife Hohman used as a knife from a knife set in her kitchen. We acknowledge McDowell does not remember being cut and only discovered the wound after waking up, but note the evidence supporting the verdict gives rise to a reasonable inference that Hohman cut McDowell's hand with a knife. We also acknowledge the missing knife from McDowell's knife set was never discovered, but again, the evidence gives rise to a reasonable inference that Hohman used that knife in the commission of these offenses and then disposed of it. In sum, the evidence and reasonable inferences arising therefrom establish Hohman committed criminal confinement as a Level 3 felony and battery by means of a deadly weapon as a Level 5 felony.

# II. Double Jeopardy

[9] Hohman argues his convictions for criminal confinement and battery by means of a deadly weapon violate the state constitutional prohibition against double jeopardy in that the same evidence was used to convict him of both counts. Article 1, Section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense."

> [T]wo or more offenses are the 'same offense' in violation of Article 1, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Cross v. State,* 15 N.E.3d 569, 571 (Ind. 2014) (alteration and emphasis in original) (quoting *Richardson v. State,* 717 N.E.2d 32, 49 (Ind. 1999)). We review double jeopardy claims de novo. *Strong v. State,* 29 N.E.3d 760, 766 (Ind. Ct. App. 2015).

[10] Specifically, Hohman contends his convictions violate the actual evidence test. In evaluating two convictions under this test:

> [W]e examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. To find a double jeopardy violation under this test, we must conclude that there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013) (citations and internal quotation marks omitted). The actual evidence test is applied to all the elements of both offenses. *Id.* "In other words, under the *Richardson* actual evidence test, the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002).

[11]   Determining whether there is a reasonable possibility the jury used the same evidentiary facts to reach two convictions "requires substantially more than a logical possibility." *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008). "We evaluate the evidence from the jury's perspective and may consider the charging information, jury instructions, and arguments of counsel." *Garrett*, 992 N.E.2d at 720. Ultimately, if we find the jury "may have latched on to exactly the same facts for both convictions[,]" then a double jeopardy violation is present. *Id.* (citation omitted).

[12]   We see no violation of the double jeopardy clause here. The evidence supporting Hohman's criminal confinement conviction is that when McDowell woke up, Hohman was on top of her, brandishing a knife, threatening her, and pinning her to the bed. McDowell could not move and did not consent to Hohman's acts. The evidence supporting Hohman's battery conviction is that he cut McDowell's hand with a knife while she slept. We conclude there is not

a reasonable possibility the jury relied on the same evidentiary facts to find Hohman guilty of both offenses. [1]

# Conclusion

[13] The evidence is sufficient to sustain Hohman's convictions of criminal confinement and battery by means of a deadly weapon and the two convictions do not violate the prohibition against double jeopardy. Accordingly, we affirm.

[14] Affirmed.

Mathias, J., and Brown, J., concur.

---

[1] We further note, apart from the tests set forth above, Indiana courts have "long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*." *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002). Among these rules is the rule that precludes a conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished. *Sistrunk v. State*, 36 N.E.3d 1051, 1053-54 (Ind. 2015). Here, Hohman was convicted of two elevated felony offenses because he committed both offenses while armed with a deadly weapon. Our supreme court has made clear Indiana "jurisprudence teaches that committing two or more separate offenses each while armed with a deadly weapon—even the same weapon—is not within the category of rules precluding the enhancement of each offense based on 'the very same behavior.'" *Id.* at 1054; *see also Gates v. State*, 759 N.E.2d 631, 633 n.2 (Ind. 2001) ("It is well established in Indiana that the use of a single deadly weapon during the commission of separate offenses may enhance the level of each offense."). To the extent Hohman argues his convictions violate the above rule, we conclude such an argument fails.