## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Nov 03 2017, 7:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery Haupt
Law Office of Jeffery Haupt
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Irwin McNeil Scott,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

November 3, 2017

Court of Appeals Case No.
71A05-1706-CR-1225

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1610-F3-64

**Brown, Judge.**

[1] Irwin McNeil Scott appeals his sentence for two counts of failure to remain at the scene of an accident. Scott raises two issues, one of which we find dispositive and revise and restate as whether his convictions violate double jeopardy. We reverse and remand.

*Facts and Procedural History*

[2] On October 12, 2016, police stopped the vehicle in which Scott and two children were passengers. The driver of the vehicle exited to talk to the police officer, and Scott, who was intoxicated, moved into the driver's seat and drove away. The police attempted to pull him over, but he kept driving for multiple blocks, crashed into a pole, flipped the vehicle over, and left the scene without checking if he could aid anyone or waiting for the police to arrive. The two children each sustained serious bodily injury as a result of the accident.

[3] On October 14, 2016, the State charged Scott with two counts of failure to remain at the scene of an accident as level 3 felonies and one count of resisting law enforcement as a level 6 felony. On March 27, 2017, the court held a hearing, and Scott pled guilty as charged without a plea agreement. When asked by the court what differentiated the two counts of failure to remain at the scene of an accident, the prosecutor indicated that there were two separate victims.

[4] On May 10, 2017, the court held a sentencing hearing. It sentenced Scott to consecutive terms of ten years for each count of failure to remain at scene of

an accident and two years for resisting law enforcement, for an aggregate sentence of twenty-two years.

### *Discussion*

[5] The issue is whether Scott's convictions violate double jeopardy principles. Scott argues that his sentences on his convictions for failure to remain at the scene of an accident violate his protections against double jeopardy. The State concedes that Scott is correct that both convictions for leaving the scene constitute one offense under the 2016 version of the statute[1] and that this case should be remanded to resolve the double jeopardy issue. The State asserts that "because [Scott] left the scene of only one accident one conviction should be vacated." Appellee's Brief at 11.

[6] Article 1, Section 14 of the Indiana Constitution provides: "No person shall be put in jeopardy twice for the same offense." "[T]wo or more offenses are the "same offense" in violation of the Indiana Double Jeopardy Clause if, "with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Sistrunk v. State*, 36 N.E.3d 1051, 1053 (Ind. 2015) (quoting *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999)). In addition to the protections afforded by the Indiana Double

---

[1] The State notes that the legislature has since amended the leaving the scene statute to allow for separate offenses and consecutive sentences for multiple victims. *See* Appellee's Brief at 10.

Jeopardy Clause, the Indiana Supreme Court "has 'long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*.'" *Id.* (quoting *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002)). "Among these is the rule that precludes a '[c]onviction and punishment for an enhancement of a crime where the enhancement is imposed for the *very same behavior* or harm as another crime for which the defendant has been convicted and punished.'" *Id.* at 1053-1054 (quoting *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (emphasis added) (quoting *Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring))).

[7] Under double jeopardy analysis, Scott cannot be convicted of and sentenced for both charges of failure to remain at the scene. *See Nield v. State*, 677 N.E.2d 79, 82 (Ind. Ct. App. 1997) (remanding with instructions to dismiss one of the convictions for leaving the scene of an accident where the defendant struck two separate motorcycles but the impacts were nearly simultaneous and were the result of the same improper turn); *see also Wood v. State*, 999 N.E.2d 1054, 1066 (Ind. Ct. App. 2013) (holding that the defendant's act of leaving the scene of a boating accident can support only one conviction under Ind. Code § 14-15-4-1 even though two people died and another was injured), *trans. denied*, *cert. denied*, 135 S. Ct. 250 (2014). We vacate Scott's conviction and sentence for failure to

remain at the scene of an accident under Count II and remand for resentencing.[2]

## Conclusion

[8] For the foregoing reasons, we vacate Scott's conviction of failure to remain at the scene of an accident under Count II and remand for resentencing on the remaining convictions.

[9] Reversed and remanded.

Najam, J., and Kirsch, J., concur.

---

[2] Because we hold Scott's convictions constitute double jeopardy and remand for the court to resentence him, we need not address Scott's argument that his sentence is inappropriate.