## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2017, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chad M. Farrell,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

November 15, 2017

Court of Appeals Case No.
76A05-1705-CR-1002

Appeal from the Steuben Circuit Court

The Hon. Allen N. Wheat, Judge

Trial Court Cause No.
76C01-1602-F1-104

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Chad Farrell feigned illness to lure his ex-girlfriend A.B. to his Steuben County trailer home, where he forcibly raped her at knifepoint. When A.B. attempted to flee, Farrell prevented her escape by standing in the doorway, brandishing the same knife. The State charged Farrell with Level 1 felony rape and Level 3 felony criminal confinement, a jury convicted him as charged, and the trial court sentenced him to an aggregate term of forty-five years of incarceration. Farrell contends that his convictions violate prohibitions against double jeopardy. Because we disagree, we affirm.

# Facts and Procedural History

[2] On February 18, 2016, at around 11:50 p.m., Farrell called A.B., with whom he had previously been romantically involved, and asked her to take him from work to the hospital because he claimed to be having chest pains. A.B. started driving to the hospital, but Farrell told her to just take him home so he could lie down. The duo arrived at Farrell's trailer at approximately midnight. Once inside, Farrell asked A.B. to help him to his bed. As they neared the bed, Farrell threw A.B. on the bed and yelled that she "deserved this." Tr. Vol. II p. 173.

[3] Farrell pulled off A.B.'s shoes, jeans, and underwear. Farrell told A.B. "that [she] deserve[d] this … this is what you get[.]" Tr. Vol. II p. 175. Farrell removed his shoes, jeans, and underwear; climbed on top of A.B.; put his penis

inside of A.B.'s vagina; and began to rape her. Farrell produced a knife and held it in his right hand, telling A.B. that she was not leaving until she watched him slit his wrists. Farrell ejaculated during his rape of A.B.

[4] A.B. asked Farrell for a drink of water. After Farrell climbed off A.B., put his clothes on, and walked to the kitchen for the glass of water, A.B. dressed and ran for the door. Farrell, however, beat A.B. to the door and prevented her from exiting by standing between her and the door. Farrell still had the knife in his hand.

[5] A.B. went to the kitchen for a glass of water and returned to find that Farrell was still between her and the door. A.B. pleaded with Farrell to let her leave, but he told her that she was not leaving until she watched him slit his wrists. A.B. continued to plead with Farrell to let her out of the door. Farrell leaned against the door and closed his eyes, and, at some point, appeared to lose consciousness. A.B. hid the knife in Farrell's couch between the armrest and the cushion and managed to move Farrell enough to leave.

[6] On February 19, 2016, the State charged Farrell with Level 1 felony rape and Level 3 felony criminal confinement. A jury trial was held on March 15 and 16, 2017, and the jury found Farrell guilty as charged. On April 10, 2017, the trial court sentenced Farrell to thirty-five years of incarceration for rape, ten years for criminal confinement, and order that the sentences would run consecutively for an aggregate sentence of forty-five years.

# Discussion and Decision

[7] Farrell argues that his convictions for Level 1 felony rape and Level 3 felony criminal confinement violate prohibitions against double jeopardy. In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), the Indiana Supreme Court held "that two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to … the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id.* at 49-50.

> To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Id.* at 53. Merely a remote or speculative possibility is not enough; rather, the record must establish that the jury used the same evidentiary facts to establish the essential elements of the two offenses. *Hopkins v. State*, 759 N.E.2d 633, 640 (Ind. 2001) (citations omitted). "In determining the facts used by the fact-finder to establish the elements of each offense, it is appropriate to consider the charging information, jury instructions, and arguments of counsel." *Lee v. State*, 892 N.E.2d 1231, 1234 (Ind. 2008) (citing *Spivey v. State*, 761 N.E.2d at 832 (Ind. 2002); *Richardson*, 717 N.E.2d at 54 n.48).

[8] Farrell was charged with Level 1 felony rape for "knowingly or intentionally hav[ing] sexual intercourse with A.B., when A.B. was compelled by force or

imminent threat of force … while armed with a deadly weapon, to-wit: a knife[.]" Appellant's App. Vol. II p. 20. Farrell was also charged with Level 3 felony criminal confinement for "knowingly or intentionally confin[ing] A.B. without A.B.'s consent … while armed with a deadly weapon, to wit [sic]: a knife." Appellant's App. Vol. II p. 21. As the Indiana Supreme Court has noted in a similar case, "[c]ertainly, one who commits rape or criminal deviate conduct necessarily 'confines' the victim at least long enough to complete such a forcible crime." *Gates v. State*, 759 N.E.2d 631, 632 (Ind. 2001). The question, then, is "whether the confinement exceeded the bounds of the force used to commit the rape[.]" *Id.* On this record, we conclude that the State easily established that Farrell's confinement of A.B. exceeded the bounds of the force he used during his rape of her.

[9]     First and foremost, the two convictions were proved by largely separate bodies of evidence. The State presented evidence that Farrell lured A.B. to his trailer, forced her onto his bed, undressed her, and forcibly raped her while holding a knife. After the rape was complete and Farrell had put his clothing back on, he confined her in his trailer by standing in front of the door, again while holding the knife. Other than the common facts of Farrell, A.B., and Farrell's knife, there is no overlap between the two crimes from an evidentiary standpoint.

[10]    Moreover, in its opening, the State clearly distinguished between the separate evidentiary facts it intended to prove that supported each charge:

> I'm going to present evidence, the elements of rape that the
> Defendant; should expect testimony that he's going to be

identified, [A.B.]'s going to identify him, Trooper Lazoff's going to identify him. Had sexual intercourse; that he had sexual intercourse with [A.B.]. And [A.B.]'s going to describe to you, as best as she can, she's going to describe to you what that was and what that was like and what he did. And the DNA analysis is going to come back to show, yes indeed his DNA was all up inside her. And that she was compelled by force or imminent threat of force; my third element to rape. She's going to describe being thrown on the bed and him getting on top of her and him holding a knife on her. And then of course, right, I've gotta' prove to you that he had a deadly, that he possessed a deadly weapon when he did it, that being a knife. You can, right, you can kill people with a knife. And then our criminal confinement; I'm going to present evidence again it's going to Mr. Farrell that's identified as the Defendant. [A.B.] is going to describe that he confined her by getting between her and the door and not letting her leave without [A.B.]'s consent. She'll describe tying to leave, asking to leave and he wouldn't let her. And again committed with; while armed with a deadly weapon, that being a knife that has some yellow, has some black on it, six (6) inch folding knife.

Tr. Vol. II pp. 141-42.

[11] Farrell's act of blocking the door, thereby confining A.B. to his trailer, exceeded the bounds of his confinement of her during the rape, and, as such, may be separately punished. Farrell has failed to establish a reasonable possibility that the jury relied on the same evidentiary facts to convict him of both rape and criminal confinement.

[12] We affirm the judgment of the trial court.

May, J., and Barnes, J., concur.