**Paul E. MILLER, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 02S03–0306–CR–276.

Supreme Court of Indiana.

June 25, 2003.

Sullivan, J., concurred with separate opinion.

Anthony S. Churchward, Deputy Public Defender, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

On Petition To Transfer

DICKSON, Justice.

The defendant, Paul E. Miller, was convicted of burglary as a class A felony, two counts of criminal deviate conduct as class A felonies, criminal confinement as a class B felony, robbery as a class B felony, resisting law enforcement as a class A misdemeanor, and battery as a class A misdemeanor. The defendant appealed his burglary conviction on sufficiency grounds and claimed a violation of the double jeopardy provision of the Indiana Constitution because his use of a single weapon was used to elevate the sentencing classification of several of his convictions. By memorandum opinion, the Court of Appeals upheld his burglary conviction and remanded for reduction of the sentencing classifications. We grant the State's petition for transfer and affirm the trial court.

During the early morning hours of August 5, 2002, T.C., an adult woman, awoke as the defendant, an intruder, covered her mouth and placed a knife to her throat. The defendant asked her, "Do you want to be raped or do you want to die?" Appellant's App. at 302. After being forced to her stomach, T.C. was able to surreptitiously dial 911 on her cell phone. Upon realizing that the call had been made, the defendant threw the phone across the room and struck T.C. in the head several times. When the defendant asked her if she had any money, T.C. directed him to the pocket of her pants, from which he removed over one hundred dollars. The defendant tied T.C.'s hands together, pressed the knife on her back, and slipped his fingers into her vagina and anus. In response to the 911 call, police officers arrived and captured the defendant in T.C.'s apartment. One officer observed a small broken window permitting access to the door lock.

The defendant contends that his convictions for class B felony criminal confinement, class B felony robbery, and two counts of class A felony criminal deviate conduct violate the Indiana Double Jeopardy Clause, Article 1, § 14 of the Indiana Constitution, because of "multiple enhancements for the presence of a singular knife." Br. of Appellant at 18. He argues that the same deadly weapon was used to elevate his sentences for these counts. Citing *Richardson v. State*, 717 N.E.2d 32 (Ind.1999), the defendant's claim is that his

convictions violated *Richardson's* actual evidence rule. Two or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, "if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id.* at 49. However, "under the *Richardson* actual evidence test, the Indiana Double Jeopardy Clause is *not* violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, *but not all,* of the essential elements of a second offense." *Bald v. State,* 766 N.E.2d 1170, 1172 (Ind.2002) (*quoting Spivey v. State,* 761 N.E.2d 831, 833 (Ind. 2002)). *See also Redman v. State,* 743 N.E.2d 263, 267 (Ind.2001). The defendant's use of the same weapon in the commission of separate and distinct offenses thus does not present a violation of the Indiana Double Jeopardy Clause. Each of the defendant's convictions was supported by proof of at least one unique evidentiary fact not required for any other conviction. *See Bald,* 766 N.E.2d at 1172.

▆▆▆ Although not raised by the parties, we have recognized a series of rules of statutory construction and common law that supplements the constitutional protections afforded by the Indiana Double Jeopardy Clause. See *Pierce v. State,* 761 N.E.2d 826, 830 (Ind.2002); *Spivey,* 761 N.E.2d at 834. *Pierce* applied the rule that two crimes may not be enhanced by the same bodily injury. *Id.* at 830. This was an application of the broader rule previously expressed by Justice Sullivan prohibiting conviction and punishment "for an enhancement of a crime where the enhancement is imposed for the *very same behavior* or harm as another crime for which the defendant has been convicted and punished." *Richardson,* 717 N.E.2d

at 56 (Sullivan, J., concurring) (emphasis added). The repeated use of a weapon to commit multiple separate crimes is not "the very same behavior" precluding its use to separately enhance the resulting convictions. Rather, the use of a "single deadly weapon during the commission of separate offenses may enhance the level of each offense." *Gates v. State,* 759 N.E.2d 631, 633 n. 2 (Ind.2001).

We decline to find error in the defendant's enhanced sentences, and we summarily affirm the Court of Appeals decision rejecting the defendant's claim of insufficient evidence.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Justice, concurring.

What justifies the multiple enhancements here is the *repeated* use of the knife by the defendant in committing crimes for which he was convicted. Had the defendant merely been armed with the weapon while committing multiple crimes, and not actually used it (or used it only once), I think it would be improper to impose more than one enhancement. In such a circumstance, the multiple enhancements would be for the "very same behavior" and thus violate the rule against multiple enhancements to which this Court subscribed in *Guyton v. State,* 771 N.E.2d 1141, 1143 (Ind.2002) (*citing Pierce v. State,* 761 N.E.2d 826, 830 (Ind.2002), *citing in turn Richardson v. State,* 717 N.E.2d 32, 55 (Ind.1999) (Sullivan, J., concurring); *id.* at 57 (Boehm, J., concurring in result)).