ATTORNEY FOR APPELLANT
Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana



FILED
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 73S01-1401-CR-29

CHRISTOPHER CROSS,

*Appellant (Respondent below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Shelby Superior Court, No. 73D01-0608-FA-22
The Honorable Jack A. Tandy, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 73A01-1303-CR-134

**September 3, 2014**

**Rucker, Justice.**

Appellant challenges his convictions and aggregate 38-year sentence following resentencing for various crimes arising from a foiled drug sale. In this appeal, we address whether the appellant's firearm enhancement is based on the same behavior used to convict and sentence the appellant for carrying a handgun without a permit. We conclude that it is and therefore vacate his conviction and five-year firearm enhancement.

**Facts and Procedural History**

Arising out of a drug transaction Christopher Cross was charged with several felony offenses and two misdemeanor offenses. The State also alleged that Cross was a habitual offender as well as a habitual substance offender.[1] In addition the State sought a sentence enhancement for Cross using or possessing a firearm while dealing in a controlled substance. See Ind. Code § 35-50-2-13. After a bench trial Cross was found guilty as charged, and the trial court sentenced him to an aggregate term of fifty years, which included a twenty-year sentence enhancement for the habitual offender adjudication. The trial court did not impose sentences on the firearm enhancement or the habitual substance offender enhancement on grounds that it had already enhanced Cross' sentence under the general habitual offender statute. Cross appealed challenging only the sufficiency of the evidence for his convictions on three class A felony offenses, and alleging trial court abuse of discretion in imposing sentence. In a Memorandum Decision the Court of Appeals affirmed the judgment of the trial court. See Cross v. State, No. 73A01-0709-CR-427, 2008 WL 2673228 (Ind. Ct. App. July 9, 2008).

Although the record is not altogether clear apparently at some point Cross filed a petition for post-conviction relief alleging that his appellate counsel rendered ineffective assistance for failing to challenge Cross' eligibility to be sentenced as a habitual offender. At an evidentiary

---

[1] More specifically Cross was charged as follows: Count 1 – Dealing Cocaine or Narcotic Drug, a Class A felony, see I.C. § 35-48-4-1; Count 2 – Attempted Dealing Cocaine or Narcotic Drug, a Class A felony, see I.C. § 35-48-4-1; Count 3 – Possession of Cocaine or Narcotic Drug, a Class A felony, see I.C. § 35-48-4-6; Count 4 – Maintaining a Common Nuisance, a Class D felony, see I.C. § 35-48-4-13; Count 5 – Resisting Law Enforcement, a Class A misdemeanor, see I.C. § 35-44-3-3; Count 6 – Carrying a Handgun Without a Permit, a Class A misdemeanor, see I.C. § 35-47-2-1; Count 7 – Carrying a Handgun Without a Permit After Felony Conviction, a Class C felony, see I.C. § 35-47-2-1; Count 8 – Use of Firearm in Controlled Substance Offense, see I.C. § 35-50-2-13; Count 9 – Habitual Substance Offender, see I.C. § 35-50-2-10; and Count 10 – Habitual Offender, see I.C. § 35-50-2-8. See App. at 8-14.

hearing held on the petition, the parties agreed that the petition should be granted and Cross should be resentenced on all convictions. App. at 28.[2] In consequence, on January 31, 2013 Cross and the State filed a "Joint Motion to Grant Petition for Post-Conviction Relief and to Set the Matter for Resentencing." App. at 27. The post-conviction court granted the motion and scheduled the matter for a resentencing hearing. App. at 30. At resentencing after listening to witness testimony, considering evidence presented by the parties, and entertaining arguments of counsel, the trial court sentenced Cross to an aggregate term of thirty-eight years, which included a one-year sentence for the misdemeanor offense of carrying a handgun without a permit; a six-year sentence for carrying a handgun without a permit after a prior felony conviction; and a five-year sentence for the firearm enhancement.[3]

Cross appealed raising three claims which we rephrase as: (1) was the sentencing range for the Class A felony classification disproportionate to the nature of his offenses; (2) did the trial court err by entering convictions and sentences for both carrying a handgun without a permit after a felony conviction and use of a firearm in controlled substance offense as an enhancement based on possession of the same handgun; and (3) should Cross' conviction for the misdemeanor offense of carrying a handgun without a permit be vacated because it is a lesser-included offense of the felony of carrying a handgun without a permit. The Court of Appeals rejected Cross' first two claims but granted relief on the third claim. See Cross v. State, 997 N.E.2d 1125 (Ind. Ct. App. 2013), vacated. Having previously granted transfer we address Cross's second claim. In all other respects we summarily affirm the opinion of the Court of Appeals. Additional facts are set forth below.

---

[2] The foregoing assertions are set forth in the "Joint Motion" referenced infra.

[3] Cross was sentenced as follows: Count 1 – Dealing Cocaine, thirty years executed; Count 2 – Attempted Dealing Cocaine, merged with Count 1; Count 3 – Possession of Cocaine, thirty years executed; Count 4 – Maintaining a Common Nuisance, one and one-half years executed; Count 5 – Resisting Law Enforcement, one year executed; Count 6 – Carrying a Handgun without a Permit, one year executed; Count 7 – Carrying a Handgun Without a Permit After Felony Conviction, six years executed; Count 8 – Use of Firearm in Controlled Substance Offense, five years executed; Count 9 – Habitual Substance Offender, three years executed. The trial court ordered Counts 1, 3, 4, 5, 6, and 7 to be served concurrent to each other with the sentence enhancements on Counts 8 and 9 to be served consecutive to Count 1. See App. at 36-37 (Sentencing Order, No. 73D01-0608-FA-022 at 3-4 (Mar. 5, 2013)).

**Discussion**

"[T]wo or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999) (emphasis in original) (footnote omitted). Cross contends the post-conviction court violated Indiana double jeopardy principles by entering convictions and imposing sentence for both carrying a handgun without a permit and an enhancement based on the same handgun. The State counters that Cross makes no claim that carrying a handgun without a permit as a convicted felon and use of a firearm in a controlled substance offense have the same statutory elements or that Richardson's "actual evidence" rule was violated. Br. of Appellee at 11. The State's point is not without merit. But also entrenched in Indiana jurisprudence is "a series of rules of statutory construction and common law that supplements the constitutional protections afforded by the Indiana Double Jeopardy Clause." Miller v. State, 790 N.E.2d 437, 439 (Ind. 2003). One such rule "prohibit[s] conviction and punishment 'for an enhancement of a crime where the enhancement is imposed for the *very same behavior* or harm as another crime for which the defendant has been convicted and punished.'" Id. (quoting Richardson, 717 N.E.2d at 56 (Sullivan, J., concurring).

Here, Cross contends that "the dual convictions for the firearm enhancement and carrying a handgun without a license were based on the 'very same behavior or harm'—and cannot stand." Br. of Appellant at 11 (quoting Guyton v. State, 771 N.E.2d 1141, 1143 (Ind. 2002) (explaining that one rule of statutory construction and common law embodied in our double jeopardy protections is that "[c]onviction and punishment for an enhancement of a crime [is improper] where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished" (citation omitted)). The State acknowledges this general proposition but counters that the challenged convictions "punish different behavior and address different harms." Br. of Appellee at 11. According to the State "[w]hile the charging information for [the firearm enhancement count] alleged that Defendant possessed the handgun in violation of I.C. § 35-47-2-1 when he committed the offense . . . the

4

prosecutor clearly and consistently argued that Defendant's *use* of this weapon during [the] commission of the offense was what warranted enhancement." Id. at 14 (emphasis in original).

We first observe the State's "consistent[] argu[ment]" concerning Cross' use of the weapon was not advanced at trial as a reason warranting the handgun enhancement. Instead, the record makes clear the State pursued this line of argument at the sentencing hearing as an aggravating factor justifying an overall aggregate sentence of "seventy five years." Tr. at 188. More precisely, before presenting its argument the State noted that it had filed with the court and given to opposing counsel "a copy [of] a proposed list of aggravating and mitigating circumstances in the application of this case." Tr. at 180. In arguing the use of the firearm as an aggravator, the State made the following representations:

> *Imposition of a reduced or suspended sentence would depreciate the seriousness of the offense.* I know it's a common one used, but I would submit in this case it's particularly appropriate. It's particularly appropriate in cases where the . . . the actions and the offense went above and beyond what was required to simply prove the elements and in this case the Defendant was not charged with anything other than carrying of the gun and I'd say the evidence was clear. He reached for the gun. He tried to get the gun out to use it while the officers are . . . are trying to arrest him and he's fighting them. Once the gun's pushed down through his pants and gets stuck in his pant leg he, and he's got his arms behind him, he's still pulling his leg up trying to get that gun. I would submit that the seriousness of the offense is worse than what the offense . . . what is simple charge would require. And I'll ask the Court to consider that. And that sort of falls into the next area that I cited. *The heinousness of the offense.* Again, you know, Defendant tried to pull a loaded 38 caliber pistol while he's resisting law enforcement . . . . *Use of a weapon.* He is convicted of some weapon offenses, Your Honor, but in, frankly, the dealing cocaine and possession of cocaine, the attempt to dealing cocaine, the maintaining a common nuisance or resisting law enforcement, a gun is not an element and so therefore the gun can be used to enhance those offenses.

Tr. at 184-85 (emphasis added). In sum while the State's contention that the foregoing argument was "factually asserted to the trial court as fact finder" is facially accurate, Br. of Appellee at 15, this argument however was not presented at trial as evidentiary support for the handgun

enhancement charge. Rather the argument was advanced at sentencing for a wholly different purpose.

In any event assuming for the sake of argument that the State indeed advanced at trial the "use" of the handgun, the State nonetheless cannot prevail on this issue. At the time Cross committed the offenses in 2006 Indiana Code section 35-50-2-13 provided in relevant part:

> The state may seek, on a page separate from the rest of a charging instrument, to have a person who allegedly committed an offense of dealing in a controlled substance under IC 35-48-4-1 through IC 35-48-4-4 sentenced to an additional fixed term of imprisonment if the state can show beyond a reasonable doubt that the person knowingly or intentionally: (1) *used* a firearm; *or (2) possessed* a: (A) handgun in violation of IC 35-47-2-1 . . . while committing the offense.

I.C. § 35-50-2-13(a) (emphasis added). Thus the statute makes clear that a sentence may be enhanced based on an accused's use *or* possession of a firearm. However as the State correctly concedes the charging information in this case specifically alleged that "Cross did knowingly or intentionally *possess* a handgun in violation of *I.C. 35-47-2-1* . . . ." App. at 12 (emphasis added). And the record is clear this is the very same handgun that "Christopher A. Cross did *carry* . . . in his vehicle or on his person . . . without a license permitting him to carry a handgun, after having a felony conviction within the past 15 years . . . ." App. at 11 (emphasis added).

Without parsing the distinction, if any, between "possess" and "carry" it appears to the Court that on its face, the charging information for the handgun enhancement count seeks a conviction for "the very same behavior or harm" alleged in the controlled substance count. Guyton, 771 N.E.2d at 1143. But such a conviction would not amount to an Indiana Double Jeopardy violation if the evidence produced at trial demonstrated separate and distinct acts of possession upon which each count was based. See, e.g., Miller, 790 N.E.2d at 439 ("The defendant's use of the same weapon in the commission of separate and distinct offenses thus does not present a violation of the Indiana Double Jeopardy Clause.").

6

The relevant facts are these. Cross drove to a Shebyville hotel room with another person where he met a confidential informant to whom he had previously sold cocaine. Once inside the hotel room Cross pulled out a bag of cocaine at which point the police entered from their stakeout position in the bathroom and ordered Cross to the ground. Cross "*reach[ed] for his waistband*," which led the officer to believe that Cross was "reaching for a weapon." Tr. at 139 (emphasis added). Cross "continued to struggle" with the officer and "continued to *reach toward his waistband*." Tr. at 140. The officer was eventually able to subdue Cross at which point he "felt something slide down [Cross'] pants leg." Tr. at 142. A later search revealed *a gun* on Cross' person as well as three grams of cocaine. Cross was eventually charged with and convicted of multiple offenses including carrying a handgun without a permit after a felony conviction, and using or possessing a firearm while dealing in a controlled substance.

As this Court has previously declared: "Mere possession of a firearm or being 'armed' with a deadly weapon is not enough[]" to impose multiple enhancements. Nicoson v. State, 938 N.E.2d 660, 665 (Ind. 2010). See also Miller, 790 N.E.2d at 439 (Sullivan, J., concurring) (explaining that "it would be improper to impose more than one enhancement" if "the defendant [had] merely been armed with the weapon while committing multiple crimes, and not actually used it"). In this case, rather than supporting the proposition of two separate and distinct acts of possession justifying two separate convictions and sentences, the record before us reveals Cross' continual possession of the weapon from the time he drove to the hotel room until he was taken into custody by officers of the Shelbyville Police Department.

**Conclusion**

We vacate Cross' conviction and five-year sentence imposed under the handgun enhancement charge. This cause is remanded to the trial court for further proceedings.

Rush, C.J., and Dickson, David and Massa, JJ., concur.

7