## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

08/28/2017, 10:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and Office of the
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jose Miguel Tomas-Felipe,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 28, 2017

Court of Appeals Case No.
09A02-1703-CR-607

Appeal from the Cass Superior Court.
The Honorable Richard Maughmer, Judge.
Trial Court Cause No.
09D02-1606-F1-3

**Friedlander, Senior Judge**

[1] Jose Miguel Tomas-Felipe appeals his convictions of attempted murder, a Level 1 felony,[1] and burglary of a dwelling, a Level 4 felony,[2] claiming the convictions violate his protections against double jeopardy. We affirm.

[2] On June 18, 2016, Iris Cruz was asleep in her bed in Logansport, Indiana, with her two-year old child next to her. She was awakened by a pain in her arm. Cruz looked up and saw a man she did not know standing by her bed, stabbing her with a sharp object. The man tried to stab or slash her neck, and she blocked the blows with her hands and arms, causing pain and severe bleeding. After they struggled for a short time, the man ran out of the house. Cruz ensured that he had left, checked on her three children, and called 911. Her hands were cut so badly that she had to try calling 911 three times before succeeding. As Cruz waited for the police, she noticed a window in her home was open. It had not been open when she went to sleep.

[3] Officers were dispatched to Cruz's home. One officer saw a man, later identified as Tomas-Felipe, running away from the home. Cruz came outside and yelled for help. The officer stayed with her and secured the home until medics arrived. Another officer chased Tomas-Felipe and subdued him. Tomas-Felipe's clothes and body were spotted with blood. Later, a crime scene

---

[1] Ind. Code §§ 35-42-1-1 (2014), 35-41-5-1 (2014).

[2] Ind. Code § 35-43-2-1 (2014).

technician found a large bloody knife in Cruz's bed. The officers also found a fingerprint on the open window.

[4] Doctors treated numerous cuts on Cruz's hands and arms. She later underwent surgeries to repair damaged tendons in her fingers. The injuries healed, but Cruz has recurring nightmares about being attacked and bleeding to death.

[5] The State charged Tomas-Felipe with attempted murder; burglary of a dwelling resulting in serious bodily injury, a Level 1 felony; and resisting law enforcement, a Class A misdemeanor. He pleaded guilty as charged without a plea agreement.

[6] At sentencing, the State asked the court to enter a judgment of conviction for burglary as a Level 4 felony, "essentially removing the serious bodily injury element." Tr. Vol. II, p. 19. The State was concerned the charge of burglary of a dwelling resulting in serious bodily injury "overlapp[ed] with the attempted murder" charge. *Id.* The court agreed with the State that the "language of serious bodily injury" in the burglary charge was "duplicitous to the allegation" in the attempted murder charge. *Id.* at 22. The court entered judgment on the burglary conviction as a Level 4 felony to "avoid two sentences for the same crime." *Id.* at 21. The court sentenced Tomas-Felipe to forty years for attempted murder and twelve years for burglary of a dwelling, to be served consecutively. The court further sentenced Tomas-Felipe to one year for resisting law enforcement, to be served concurrently with the other sentences. This appeal followed.

[7] Before we turn to the merits of Tomas-Felipe's double jeopardy claim, the State argues he waived his right to present that claim because he pleaded guilty. In general, a defendant who pleads guilty per an agreement with the State waives the right to raise a double jeopardy claim on appeal. *Mapp v. State*, 770 N.E.2d 332 (Ind. 2001). When a defendant pleads guilty without a plea agreement, there is no waiver. *Kunberger v. State*, 46 N.E.3d 966 (Ind. Ct. App. 2015).

[8] Tomas-Felipe pleaded guilty without an agreement and did not receive any tangible benefit from the State. The State argues that he benefitted because the court determined his guilty plea was a mitigating factor. The court's consideration of Tomas-Felipe's guilty plea is of no consequence. The key for purposes of waiver is whether a defendant gained a benefit from the State through an agreement. *See Wharton v. State*, 42 N.E.3d 539 (Ind. Ct. App. 2015) (no waiver of right to raise double jeopardy claim; defendant pleaded guilty without an agreement). Tomas-Felipe has not waived his right to raise a double jeopardy claim on appeal.

[9] Tomas-Felipe declines to present a claim under the double jeopardy clauses of the Constitution of the United States of America or the Constitution of the State of Indiana. Instead, he bases his double jeopardy claim on "Indiana's common-law rules," arguing his burglary conviction must be vacated because it is based in part on the same act as the attempted murder conviction. Appellant's Br. p. 10.

In *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002), the Indiana Supreme Court explained, "We have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson* [*v. State*, 717 N.E.2d 32 (Ind. 1999)]." For example, two crimes may not be enhanced by the same bodily injury. *Miller v. State*, 790 N.E.2d 437 (Ind. 2003). In *Gross v. State*, 769 N.E.2d 1136 (Ind. 2002), the Indiana Supreme Court determined a conviction of robbery resulting in serious bodily injury, a Class A felony, could not stand because the same act of causing injury was an element of an accompanying charge of murder. The Supreme Court remanded with instructions to reduce the robbery conviction to a Class B felony, thereby removing the element of serious bodily injury from the robbery charge and eliminating the double jeopardy violation.

In the current case, Tomas-Felipe argues his burglary conviction must be vacated because the charges of attempted murder and burglary as a Level 1 felony are based on the same act: his stabbing of Cruz, resulting in serious bodily injury. We reject his argument because the convictions, not the charges, are the crucial factor for purposes of double jeopardy. Tomas-Felipe fails to acknowledge that the trial court entered a judgment of conviction for burglary as a Level 4 felony, not as a Level 1 felony. Burglary as a Level 4 felony does not include an element of causing injury or serious bodily injury to a person. *See* Ind. Code § 35-43-2-1. The trial court implemented the remedy required by the Indiana Supreme Court in *Gross*, thus avoiding a violation of Indiana's

common law double jeopardy principles. Tomas-Felipe has failed to demonstrate that he was harmed by being convicted of burglary as a Level 4 felony.

[12] For the reasons stated above, we affirm the judgment of the trial court.

[13] Judgment affirmed.

[14] Mathias, J., and Crone, J., concur.