# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 17 2018, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jarvice Sears,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

July 17, 2018

Court of Appeals Case No.
82A01-1708-CR-1815

Appeal from the Vanderburgh Superior Court

The Honorable Robert J. Pigman, Judge

Trial Court Cause No.
82D03-1510-F1-6635

**Bradford, Judge.**

# Case Summary

In October of 2015, Jarvice Sears and two others entered an Evansville apartment wearing masks and brandishing guns, having decided to rob the drug dealer within of cash and drugs. There were ten persons in the apartment at the time. When the intended victim attempted to shoot Sears, his handgun misfired. Sears shot the victim in the neck and chest. Meanwhile, a man in the next apartment came to investigate, and when he opened the door, Sears shot him in the abdomen.

The State ultimately proceeded against Sears on two counts of Level 1 felony burglary, Level 2 felony attempted robbery, four counts of Level 3 felony attempted robbery, and two counts of Level 3 felony aggravated battery, and a jury found Sears guilty as charged. The trial court entered judgment of conviction on all verdicts but did not sentence Sears for Level 2 felony attempted robbery or two counts of Level 3 felony aggravated assault. The trial court imposed an aggregate sentence of sixty-nine years of incarceration for the remaining convictions. Sears contends that (1) his two convictions for Level 1 felony burglary violate prohibitions against double jeopardy, (2) his convictions for Level 2 felony attempted robbery and Level 3 felony aggravated battery violate common-law prohibitions against multiple punishment for the same harm, and (3) his sixty-nine-year sentence is inappropriately harsh. We agree with Sears's first contention and, in part, with his second. We choose, however, not to address Sears's third contention because we feel that our

disposition of Sears's first two claims renders such review premature. We affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

[3] There are two upstairs apartments above the 711 Tavern on 711 West Virginia Street in Evansville, Apartments A and B, which are accessed by a common hallway. In October of 2015, Jeremy Herbert lived in Apartment A, and Logan Orth used the apartment to deal marijuana. On October 25, 2015, Diego Thomas and Marquell Jackson decided to rob Orth because Thomas knew that Orth was a drug dealer and believed that he would have money and drugs. On October 26, 2015, Thomas went the home of his cousin Sears to retrieve his rifle and asked Sears to procure an additional firearm. Jackson recruited O'Neil Bruin and Cory Cain to participate in the robbery.

[4] Later on October 26, 2015, Bruin, Jackson, Thomas, and Sears exited their vehicle at 711 West Virginia Street, while Cain, the driver, stayed behind. The quartet entered the building and went upstairs, and three of them entered Apartment A with masks on and guns drawn. Orth, Herbert, Emily Todisco, Leah Walker, Colton Claybrooks, Kaylee Rocca, Brayden Scott, and three of Herbert's friends were smoking marijuana in Apartment A at the time. Sears threw a bag on the table and demanded that everyone in the room fill it with their valuables. Orth managed to retrieve his handgun from under a couch and attempted to fire it twice at the intruders, but it misfired. Sears shot Orth in the throat and chest.

[5] Meanwhile, Cameron Kendall was helping his brother, who lived in Apartment B, move out that evening. Kendall happened to have a concealed-carry permit and was armed. Kendall's brother was loading items into a vehicle when Kendall heard shots, and he decided to check on his brother. As soon as Kendall opened the door to Apartment B, Sears shot him in the abdomen. Kendall returned fire until he ran out of ammunition, shooting Bruin in the right leg and left shoulder, Thomas in the hip, and Sears in the chest and back.

[6] The State ultimately proceeded to jury trial on charges of two counts of Level 1 felony burglary resulting in serious bodily injury where Orth and Kendall were the victims; Level 2 felony attempted robbery resulting in serious bodily injury where Orth was the victim; four counts of Level 3 felony attempted robbery threatening to use force while armed where Herbert, Todisco, Walker, and Claybrooks were the victims; and two counts of Level 3 felony aggravated battery where Orth and Kendall were the victims. The jury found Sears guilty as charged. The trial court entered judgment of conviction on all of the jury's verdicts but did not impose sentences for Level 2 felony attempted robbery or the two counts of Level 3 felony aggravated battery due to double jeopardy concerns. The trial court sentenced Sears to thirty years of incarceration for each of the Level 1 felony burglary convictions, to be served consecutively, and nine years for each of the Level 3 felony attempted robbery convictions, to be served concurrent with each other but consecutive to the burglary sentences, for an aggregate sentence of sixty-nine years.

# Discussion and Decision

## I. Whether Sears Can Be Convicted of Two Counts of Level 1 Felony Burglary

[7] Sears contends that one of his two convictions for Level 1 felony burglary must be vacated. Although Sears frames his challenge as being based on the same-actual-evidence test,[1] it is actually a claim based on interpretation of Indiana's burglary statute. However styled, the challenge is one that we conclude has merit. In a pair of recent decisions, including *Paquette v. State*, 2018 WL 3198866 (Ind. June 29, 2018), the Indiana Supreme Court squarely held that conduct-based crimes could only support one conviction per act, no matter the number of victims. In *Paquette*, the Court examined the question of whether a single act of resisting law enforcement that resulted in three deaths could support three convictions. Pursuant to Indiana Code section 35-44.1-3-1,

> (a) A person who knowingly or intentionally:
> […]
>> (3) flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop;
>
> commits resisting law enforcement,

---

[1] In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), the Indiana Supreme Court held "that two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to … the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id*. at 49–50.

> [….]
>> (3) [a] Level 3 felony if, while committing any offense described in subsection (a), the person operates a vehicle in a manner that causes the death of another person[.]

[8] The Court concluded that Paquette's single act of resisting law enforcement could support only one conviction, despite causing three deaths:

> Since our legislature has drafted the resisting law enforcement statute without such explicit authorization and has otherwise remained silent, we glean its intent to allow only one resisting law enforcement conviction for each act of resisting. Subsection (b) merely enhances the underlying offenses in subsection (a), thus the number of resulting deaths does not affect the number of convictions allowed—only one is permissible.

*Paquette*, 2018 WL 3198866 at *6.

[9] Moving to this case, Indiana Code section 35-43-2-1 provides, in part, as follows:

> A person who breaks and enters the building or structure of another person, with intent to commit a felony or theft in it, commits burglary, a Level 5 felony. However, the offense is:
> [….]
>> (4) a Level 1 felony if:
>>> (A) the building or structure is a dwelling; and
>>> (B) it results in serious bodily injury to any person other than a defendant.

[10] As with resisting law enforcement, the crime of burglary is conduct-based (as opposed to result-based), complete when a person breaks and enters the building or structure of another person with the intent to commit a felony or

theft within. The circumstances and/or results of the crime, such as those listed in Indiana Code section 35-43-2-1(4), serve to enhance the penalty for the burglary, but the statute does not contain language explicitly allowing for multiple convictions in cases where multiple victims are involved. Consequently, we conclude that Sears's one act of burglary may support only one conviction. We remand with instructions to vacate Sears's conviction for burglary as a Level 1 felony because it resulted in serious bodily injury to Orth, with the reason for vacating that particular conviction made clear in the next section.

## II. Double Punishment for the Same

Sears argues that his convictions for Level 2 felony attempted robbery and two counts of Level 3 felony aggravated battery must be vacated, as they are allegedly enhanced or based on the same harms that enhanced his two Level 1 felony burglary convictions. "[W]e have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*." *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002). Among these rules is the one "prohibiting conviction and punishment 'for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished.'" *Miller v. State*, 790 N.E.2d 437, 439 (Ind. 2003) (quoting *Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring) (emphasis removed)).

## A. The Level 2 Felony Attempted Robbery Conviction

The trial court entered judgment of conviction for attempted robbery resulting in serious bodily injury where Orth was the victim. While it is true that this attempted robbery conviction was enhanced by the same serious bodily injury that enhanced one of Sears's Level 1 felony burglary convictions, because we have ordered the vacation of Sears's Level 1 felony burglary conviction as to Orth, the double enhancement has been eliminated. Sears's Level 2 felony attempted robbery conviction is no longer being enhanced by the same harm that was also used to enhance a burglary conviction to a Level 1 felony and so does not need to be vacated or reduced in degree.

## B. The Two Level 3 Felony Aggravated Battery Convictions

The trial court entered judgment of conviction for two counts of aggravated battery, with Orth and Kendall as the victims. In both cases the same harm (*i.e.*, shooting) that formed the basis of Sears's two aggravated battery convictions was used to enhance his burglary conviction to a Level 1 felony (for serious bodily to Kendall) and his attempted robbery conviction to a Level 2 felony (for serious bodily injury to Orth), which results in impermissible double punishments. The State also concedes that these violations cannot be cured by reducing Sears's aggravated battery convictions to a less serious form.[2]

---

[2] "A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death […] commits aggravated battery, a Level 3 felony." Ind. Code § 35-42-2-1.5.

Consequently, we remand with instructions to vacate Sears's two Level 3 felony aggravated battery convictions.

## III.  Whether Sears's Sentence is Inappropriate

[14]   Sears also contends that his sentence was inappropriately harsh.  In that this matter is being remanded for resentencing, it would be premature to address this argument.

## Conclusion

[15]   We conclude that Sears's convictions for two counts of Level 1 felony burglary cannot stand, and we remand with instructions to vacate the burglary conviction based on the harm to Orth.  This vacation also means that Sears's conviction for attempted robbery conviction need not be reduced in degree. Sears's convictions for two counts of Level 3 felony aggravated battery, however, violate common-law prohibitions against multiple punishments for the same harm and must be vacated.  Finally, under the circumstances of this case, we will not evaluate Sears's drastically reduced sentence for appropriateness.  We remand with instructions to (1) vacate Sears's Level 1 felony burglary conviction based on serious bodily injury to Orth, (2) vacate his two convictions for Level 3 felony aggravated battery, and (3) resentence him.

[16]   We affirm the judgment of the trial court in part, reverse in part, and remand with instructions.

Robb, J., and Crone, J., concur.