## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2019, 7:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Quintin M. Towles, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 31, 2019

Court of Appeals Case No.
18A-CR-888

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause Nos.
84D01-1510-F2-2595
84D01-1301-FB-305

**Baker, Judge.**

[1] Quintin Towles, Jr., appeals his convictions for Level 2 Felony Burglary[1] and Level 5 Felony Carrying a Handgun Without a License,[2] arguing that the convictions violate the prohibition against double jeopardy. Finding no double jeopardy violation, we affirm.

## Facts

[2] On October 19, 2015, a resident on Cleveland Avenue in Terre Haute heard fighting outside just after midnight. The resident looked outside and saw two people, one of whom was later identified as Towles, arguing. Multiple neighbors heard a gunshot in the location of the altercation. Someone called 911 to report shots fired.

[3] Among the neighbors who heard the gunshot were Ronald and Amber Sons. Amber went to their front porch to see what was happening. Towles approached and told Amber to mind her own business. Ronald told Towles not to talk to his wife that way and turned to go back inside. Towles entered the porch, pointing a gun at Ronald, and chased Ronald into the house. Terre Haute Police Officer Lance Sanders responded to the report of shots fired and heard a woman screaming, "get out of our f*cking house" from the direction of Ronald and Amber's house. Tr. Vol. III p. 132.

---

[1] Ind. Code § 35-43-2-1.

[2] Ind. Code § 35-47-2-1.

[4] Officer Sanders announced his presence and entered the porch. He observed Towles, who had an empty holster on his waist and his hand down his pants. The officer commanded Towles to show his hands; Towles showed only one hand. Officer Sanders believed that Towles was about to draw a weapon and grabbed Towles's arm; Towles then separated from the officer and drew his gun. Officer Sanders ordered him to drop it; Towles responded by pointing the gun at the officer's face. Officer Sanders fired three times, hitting Towles.[3] Towles left the house and was apprehended by another officer, who rendered first aid.[4]

[5] On October 23, 2015, the State charged Towles with Level 2 felony burglary, Level 5 felony criminal recklessness, Level 6 felony intimidation, two counts of Level 6 felony pointing a firearm, Level 6 felony resisting law enforcement, and carrying a handgun without a license as a Class A misdemeanor and as a Level 5 felony based on his criminal history.

[6] Towles's jury trial took place from October 30 to November 2, 2017. At trial, the trial court entered a directed verdict of guilty on one of the counts of pointing a firearm. The jury returned guilty verdicts for burglary, criminal recklessness, resisting law enforcement, and the misdemeanor carrying a handgun without a license charge; it found Towles not guilty of intimidation

---

[3] Officer Sanders was later cleared of any wrongdoing for the shooting following an investigation by the Indiana State Police.

[4] Towles sustained gunshot wounds on his left arm and the left side of his back. He later recovered fully.

and the remaining pointing a firearm charge. Towles admitted to his prior felony conviction, which elevated the carrying a handgun conviction to a Level 5 felony.

[7] On March 9, 2018, the trial court sentenced Towles to an aggregate term of twenty-two years imprisonment.[5] Towles now appeals.

## Discussion and Decision

[8] The sole argument raised by Towles on appeal is that the convictions for Level 2 felony burglary and Level 5 felony carrying a handgun without a license violate the prohibition against double jeopardy.

[9] Indiana's double jeopardy clause was intended to prevent the State from being able to proceed against a person twice for the same criminal transgression. *Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015). Our Supreme Court has held that two or more offenses are the "same offense," in violation of our Constitution's double jeopardy clause, "if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999) (emphases original).

---

[5] The trial court also revoked Towles's term of probation that he was serving under Cause Number 84D01-1301-FB-305 (FB-305). That cause has been consolidated with this one for the appeal, but the facts of FB-305 are not relevant here and regardless of the way in which we dispose of this appeal it will not affect the probation revocation of FB-305.

[10] Here, Towles argues that his convictions violate the actual evidence test. Under that test, the "actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts." *Id.* at 53. To establish a double jeopardy violation under this test, the defendant "must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.* He contends that because the firearm used to convict him of carrying a handgun without a license was the same firearm used to elevate the burglary charge to a Level 2 felony, there is a reasonable possibility that the jury used the same evidentiary facts to establish the essential elements of both charges.

[11] To convict Towles of carrying a handgun without a license, the State was required to prove beyond a reasonable doubt that he carried a handgun away from his property without a license. I.C. § 35-47-2-1. To convict Towles of Level 2 felony burglary, the State was required to prove beyond a reasonable doubt that, while armed with a deadly weapon, Towles knowingly broke and entered the building or structure of the victims with the intent to commit a felony inside. I.C. § 35-43-2-1.

[12] At trial, the State presented evidence that before Towles entered the home of Ronald and Amber, a gunshot was heard in the vicinity of an argument Towles was having with someone. Then, Towles began arguing with Ronald and Amber and drew his gun before he entered their home. The deputy prosecutor and a detective had the following exchange during Towles's trial:

Prosecutor:   Now in order to be carrying this type of handgun out on the street or the sidewalk out by 21st and Cleveland, a person would have to have a permit to be able to carry that in that fashion?

Detective:   Yeah, it's actually called a handgun license or a firearms license.

Tr. Vol. V p. 96. In other words, Towles had completed the crime of carrying a handgun without a license before he committed burglary.

[13] Our Supreme Court has held that "[c]arrying [a] gun along the street was one crime and using it was another." *Mickens v. State*, 742 N.E.2d 927, 931 (Ind. 2001); *see also Miller v. State*, 790 N.E.2d 437, 439 (Ind. 2003) (holding that repeated use of the same weapon to commit multiple separate crimes may support multiple convictions with no double jeopardy violation). Here, the State provided evidence that Towles carried the handgun on the street before he used it in the burglary. Under these circumstances, we find no reasonable possibility that the jury used the same evidentiary facts to establish the essential elements of more than one offense. Consequently, there was no double jeopardy violation.

[14] The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.