## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 21 2019, 10:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Theodore J. Minch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jordan Mitchell Smith, *Appellant-Defendant,* | March 21, 2019 |
| v. | Court of Appeals Case No. 18A-CR-1846 |
| | Appeal from the Shelby Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Charles O'Connor, Judge |
| | Trial Court Cause No. 73C01-1707-F6-351 |

**Tavitas, Judge.**

# Case Summary

Jordan Mitchell Smith appeals his convictions for auto theft, a Level 6 felony; criminal recklessness with a deadly weapon, a Level 6 felony; possession of methamphetamine, a Level 6 felony; possession of paraphernalia, a Class C misdemeanor; and resisting law enforcement, a Level 6 felony. We affirm.

# Issues

Smith raises two issues, which we restate as:

    I.    Whether Smith's convictions for resisting law enforcement, a Level 6 felony, and criminal recklessness, a Level 6 felony, violate the prohibition against double jeopardy.

    II.    Whether Smith's sentence is inappropriate in light of the nature of the offense and Smith's character.

# Facts

In July 2017, Christopher Godbold's 2005 Chevy Trailblazer was stolen from his home in Marion County. On July 21, 2017, at 2:00 a.m., Shelby County Sheriff's Deputy Ian Michael attempted to perform a traffic stop on the Chevy Trailblazer, which was driven by Smith. Smith and his passenger fled from the scene in the vehicle. Smith then led Deputy Michael on a high-speed pursuit. Deputy Tyler Thompson and Corporal Michael Cleveland joined the pursuit and put stop sticks, which are tire deflation devices, on the road. Smith avoided the stop sticks by driving through a corn field. Deputy Thompson and Corporal Cleveland heard Smith come out of the corn field and pursued him. Deputy Michael deployed stop sticks again, and Smith finally stopped the vehicle.

Rather than exit his vehicle, however, Smith put the vehicle in reverse and started driving toward Deputy Thompson and Corporal Cleveland and their police vehicle. The officers fired their weapons at Smith, and Smith was wounded. Smith then stopped the vehicle. Police recovered methamphetamine and a glass pipe from the inside of the vehicle.

[4] The State charged Smith with: Count I, auto theft, a Level 6 felony; Count II, criminal recklessness with a deadly weapon, a Level 6 felony; Count III, possession of methamphetamine, a Level 6 felony; Count IV, criminal trespass, a Level 6 felony; Count V, criminal mischief, a Class A misdemeanor; Count VI, reckless driving, a Class C misdemeanor; Count VII, possession of paraphernalia, a Class C misdemeanor; and Count VIII, resisting law enforcement, a Level 6 felony.

[5] The State later dismissed Count V, criminal mischief, a Class A misdemeanor. Prior to the presentation of evidence at the trial, Smith pleaded guilty to criminal trespass, a Class A misdemeanor, as a lesser included offense of Count IV. The jury found Smith guilty of Count I, auto theft, a Level 6 felony; Count II, criminal recklessness with a deadly weapon, a Level 6 felony; Count III, possession of methamphetamine, a Level 6 felony; Count VI, reckless driving, a Class C misdemeanor; Count VII, possession of paraphernalia, a Class C misdemeanor; and Count VIII, resisting law enforcement, a Level 6 felony.

[6] The trial court found Smith's criminal history and the fact that, at the time of this offense, he had a pending criminal charge for auto theft as aggravating

factors. The trial court found no mitigating factors. The trial court "merged" Count VI, the reckless driving conviction, with Count II, the criminal recklessness conviction, and did not impose a sentence for Count VI. Tr. Vol. II p. 122. The trial court also "vacated" the conviction for Count IV, criminal trespass. Appellant's App. Vol. II p. 13. The trial court sentenced Smith as follows: Count I, auto theft, a Level 6 felony, two years in the Department of Correction ("DOC"); Count II, criminal recklessness with a deadly weapon, a Level 6 felony, two years in the DOC; Count III, possession of methamphetamine, a Level 6 felony, two years in the DOC; Count VII, possession of paraphernalia, a Class C misdemeanor, sixty days in the DOC; and Count VIII, resisting law enforcement, a Level 6 felony, two years in the DOC. The trial court ordered that the sentences for Count I and Count VIII be served consecutively to each other and concurrently with the sentences for Count II, III, and VII, for an aggregate sentence of four years in the DOC. Smith now appeals.

## Analysis

### I. Double Jeopardy

[7] Smith argues that the prohibition against double jeopardy was violated by his convictions for both Count II, criminal recklessness, a Level 6 felony, and Count VII, resisting law enforcement, a Level 6 felony. "[W]e review a trial court's legal conclusions whether convictions violate double jeopardy de novo." *Sloan v. State*, 947 N.E.2d 917, 920 (Ind. 2011). According to Smith, both

crimes were improperly enhanced by his use of a vehicle. Smith argues that we should vacate one of the enhancements.

[8] Article 1, Section 14 of the Indiana Constitution provides: "No person shall be put in jeopardy twice for the same offense." Our Supreme Court has "long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*." *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002) (citing *Richardson v. State*, 717 N.E.2d 32, 55 (Ind. 1999) (Sullivan, J., concurring)). One of these rules is that double jeopardy is violated by the "[c]onviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished." *Guyton v. State*, 771 N.E.2d 1141, 1142 (Ind. 2002) (quoting *Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring)). Specifically, in his concurrence in *Richardson*, Justice Sullivan explained:

> The legislature has provided that the punishment classification of certain crimes may be enhanced if the behavior which constitutes the crime is accompanied by certain specified additional behavior or causes certain specified additional harm. In situations where a defendant has been convicted of one crime for engaging in the specified additional behavior or causing the specified additional harm, that behavior or harm cannot also be used as an enhancement of a separate crime; either the enhancement or the separate crime is vacated. Recent examples include *Kingery v. State*, 659 N.E.2d 490, 496 (Ind. 1995), and *Moore v. State*, 652 N.E.2d 53, 60 (Ind. 1995), both reducing a Class A enhancement to a robbery conviction because the very same killing that was the

basis of the enhancement was also the basis of a murder conviction. Today's decision in *McIntire v. State*, 717 N.E.2d 96 (Ind. 1999), also falls into this category.

A closely related set of cases provide that to the extent that a defendant's conviction for one crime is enhanced for engaging in particular additional behavior or causing particular additional harm, that behavior or harm cannot also be used as an enhancement of a separate crime. *See Campbell v. State*, 622 N.E.2d 495, 500 (Ind. 1993) (reducing a Class C enhancement to a battery conviction because the very same serious bodily injury that was the basis of the Class C enhancement was also the basis of a Class A enhancement to a burglary conviction).

On the other hand, where separate victims are involved or the behavior or harm that is the basis of the enhancement is distinct and separate, no relief will be provided. *See Woods v. State*, 677 N.E.2d 499, 501-02 (Ind. 1997) (affirming a Class A enhancement to a robbery conviction because the serious bodily injury that was the basis of the enhancement was separate and distinct from that which was the basis of a murder conviction); *Jackson v. State*, 625 N.E.2d 1219, 1222 (Ind. 1993) (same); *Hansford v. State*, 490 N.E.2d 1083, 1089 (Ind. 1986) (affirming Class A enhancements to burglary and robbery convictions because the serious bodily injuries that were the bases of the enhancements were inflicted on different victims).

*Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring opinion).

[9] In Count II, the State charged Smith with criminal recklessness, a Level 6 felony. Indiana Code Section 35-42-2-2 provides: "A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness." The offense is

a Level 6 felony if it is committed while armed with a deadly weapon. Ind. Code § 35-42-2-2(b)(1)(A). An automobile may be considered a "deadly weapon." *See DeWhitt v. State*, 829 N.E.2d 1055, 1064 (Ind. Ct. App. 2005). The charging information provided:

> [O]n or about July 21, 2017, Jordan Smith, did recklessly perform an act that created substantial risk of bodily injury to Tyler Thompson and/or Michael Cleveland and/or Ian Michael by driving a vehicle in reverse directly towards Thompson and Cleveland, and that the act was committed while armed with a deadly weapon, all of which is contrary to the form of the statute made and provided by I.C. 35-42-2-2, a Level 6 felony . . . .

Appellant's App. Vol. II p. 19.

[10]　In Count VIII, the State charged Smith with resisting law enforcement, a Level 6 felony, pursuant to Indiana Code Section 35-44.1-3-1, which provides: "A person who knowingly or intentionally . . . flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop; commits resisting law enforcement . . . ." Ind. Code § 35-44.1-3-1(a)(3). The offense is a Level 6 felony if "the person uses a vehicle to commit the offense." I.C. § 35-44.1-3-1(b)(1)(A). The charging information provided:

> On or about July 21, 2017, in Shelby County, Indiana, Jordan Smith did knowingly flee from a law enforcement officer after the officer had, by visible or audible means, identified himself or herself and ordered the defendant to stop. . . . In committing the

offense, the defendant did . . . use a vehicle.  Level 6 felony [sic].
. . .

*Id.* at 30.

[11]    Because the enhancements in both convictions involved the use of a vehicle, Smith argues that his conviction in Count VIII for resisting law enforcement must be reduced to a misdemeanor.  Our Supreme Court addressed a similar argument in *Miller v. State*, 790 N.E.2d 437, 439 (Ind. 2003).  There, the defendant argued that his convictions for criminal confinement, a Class B felony; robbery, a Class B felony; and two counts of criminal deviate conduct, Class A felonies, violated the prohibition against double jeopardy because of "multiple enhancements for the presence of a singular knife."  *Miller*, 790 N.E.2d at 438.  He argued that "the same deadly weapon was used to elevate his sentences for these counts."  *Id.*  Our Supreme Court rejected the argument. The Court held:  "The repeated use of a weapon to commit multiple separate crimes is not 'the very same behavior' precluding its use to separately enhance the resulting convictions.  Rather, the use of a 'single deadly weapon during the commission of separate offenses may enhance the level of each offense.'"  *Id.* (citations omitted).

[12]    Similarly, here, Smith's resisting law enforcement conviction was enhanced because he fled from Deputy Michael in a vehicle and then fled from Deputy Thompson and Corporal Cleveland in the vehicle.  Smith's criminal recklessness conviction was enhanced because he used a deadly weapon, i.e., a vehicle, to commit criminal recklessness by stopping the vehicle and then

driving the vehicle in reverse toward Deputy Thompson and Corporal Cleveland. The two enhancements were based on very different actions taken by Smith with the vehicle, which involved three victims. Under these circumstances, the repeated use of the vehicle to commit separate crimes is not "the very same behavior." *Id.* As in *Miller*, the separate enhancements of the convictions do not violate the prohibition against double jeopardy.

## II. Inappropriate Sentence

[13] Next, Smith argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." *McCain v. State,* 88 N.E.3d 1066, 1067 (Ind. 2018). The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Phipps v. State,* 90 N.E.3d 1190, 1198 (Ind. 2018). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Shoun v. State,* 67 N.E.3d 635, 642 (Ind. 2017). Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Cardwell,* 895 N.E.2d at 1224.

[14] In determining whether a sentence is inappropriate, we look to the statutory ranges established for the classification of the relevant offense. Smith was sentenced for four Level 6 felonies and one Class C misdemeanor. Pursuant to Indiana Code Section 35-50-2-7(b), a person who commits a Level 6 felony "shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½ ) years, with the advisory sentence being one (1) year." Under Indiana Code Section 35-50-3-4, a person "who commits a Class C misdemeanor shall be imprisoned for a fixed term of not more than sixty (60) days." The trial court sentenced Smith to two years for each of the Level 6 felony convictions and sixty days for the Class A misdemeanor conviction. The trial court ordered that the sentences for two of the Level 6 felony convictions be served consecutively to each other and concurrently with the remaining sentences, for an aggregate sentence of four years in the DOC.

[15] The nature of the offenses is that Smith stole a vehicle and, when Deputy Michael attempted to perform a traffic stop, Smith led Deputy Michael on a high-speed pursuit. Other officers deployed stop sticks, and in an effort to avoid stop sticks, Smith drove through a corn field. Deputy Thompson and Corporal Cleveland then pursued Smith. When Deputy Michael attempted to deploy stop sticks again, Smith stopped his vehicle and then drove in reverse toward Deputy Thompson and Corporal Cleveland. When the officers fired their weapons at Smith, Smith was wounded and stopped the vehicle. A search of the vehicle after Smith's arrest revealed methamphetamine and a glass pipe. Smith later admitted that he had been smoking methamphetamine with the

female passenger in the vehicle. Smith placed not only himself and his passenger in extreme risk by his actions, but also placed the three officers and the public at extreme risk.

[16] As for his character, twenty-seven-year-old Smith's criminal history includes a 2012 conviction for driving while suspended, a Class A misdemeanor; a 2014 conviction for resisting law enforcement, a Class D felony; 2014 convictions for resisting law enforcement, a Level 6 felony, and criminal recklessness, a Level 6 felony; and a 2015 conviction for invasion of privacy, a Class A misdemeanor. At the time of the instant offenses, Smith also had a pending charge for auto theft, a Level 6 felony. Furthermore, Smith has had multiple violations of his probation and/or community corrections rules. Smith argues that the trial court should have placed him in a program to treat his "mental health and/or substance abuse disorders." Appellant's Br. p. 13. The trial court did consider Smith's claims of mental health issues and noted that Smith had provided no documentation of such issues. The trial court noted that there was obviously a significant substance abuse issue. In his PSI, however, Smith blamed his problems on an addiction to women and claimed that he did not have a problem with drugs or alcohol.

[17] Smith put multiple people in extreme risk with his actions. His criminal history shows an ongoing pattern of criminal activity and long-term substance abuse issues. Despite the nature of the offenses and Smith's criminal history, the trial court only sentenced Smith to an aggregate sentence of four years. Under these

circumstances, we cannot say that the four-year sentence was inappropriate in light of the nature of the offenses and Smith's character.

## Conclusion

[18] Smith's convictions for criminal recklessness, a Level 6 felony, and resisting law enforcement, a Level 6 felony, do not violate the prohibition against double jeopardy. Smith's four-year sentence is not inappropriate. We affirm.

[19] Affirmed.

Baker, J., and May, J., concur.