

FILED

Dec 28 2018, 9:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dwayne A. Springfield, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 28, 2018 <br><br> Court of Appeals Case No. 18A-CR-1317 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Alicia Gooden, Judge <br><br> The Honorable Richard Hagenmaier, Commissioner <br><br> Trial Court Cause No. 49G21-1612-F2-47464 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Dwayne Springfield (Springfield), appeals his conviction for one Count of possession of cocaine and a firearm, a Level 4 felony; one Count of possession of a narcotic drug and a firearm, a Level 5 felony, one Count of unlawful possession of a firearm by a serious violent felon (SVF), a Level 4 felony; one Count of battery resulting in bodily injury to an officer; a Level 5 felony; one Count of resisting law enforcement, a Class A misdemeanor; one Count of possession of marijuana, a Class B misdemeanor.

We affirm in part, reverse in part, and remand with instructions.

# ISSUE

Springfield presents a single issue on appeal, which we restate as follows: Whether his conviction for Level 4 felony possession of cocaine and a firearm, Level 5 felony possession of a narcotic drug and a firearm, and Level 4 felony unlawful possession of a firearm by a SVF, violate the Double Jeopardy provision of the Indiana Constitution.

# FACTS AND PROCEDURAL HISTORY

On December 6, 2016, Indianapolis Metropolitan Police Department Officer Christopher Cooper (Officer Cooper), initiated a traffic stop of Springfield's GMC Sierra pickup truck since the license plate did not match the vehicle's description. After Springfield had pulled to the side of the road, Officer Cooper approached the driver's side window and requested Springfield's license and registration. At that point, Officer Cooper detected the smell of "raw

marijuana" emanating from the vehicle. (Transcript Vol. II, p. 110). Officer Cooper ordered Springfield out of the vehicle. Springfield did not comply. Officer Cooper opened the door and "grabbed [Springfield's] left wrist and [] guided him out of the vehicle." (Tr. Vol. II, p. 113). For his safety, Officer Cooper tried to handcuff Springfield; however, Springfield "tensed up" and then "tried to run southbound." (Tr. Vol. II, p. 113). Before he had run a great distance, Officer Cooper took Springfield down to the ground. By that time, other officers had arrived at the scene, and they helped with the arrest. Springfield continued to resist arrest and an altercation ensued. During the altercation, Springfield bit one officer and he also struck another officer in the face. Eventually, the officers subdued and handcuffed Springfield.

[5] While patting down Springfield, a .38 revolver handgun was found in Springfield's right sweatshirt pocket. In Springfield's left sweatshirt pocket, there was a sock that had "multiple baggies of narcotics." (Tr. Vol. II, p. 143). The drugs later tested positive for eight grams of crack cocaine, three grams of fentanyl, and one gram of marijuana.

[6] On December 12, 2016, the State filed an Information, charging Springfield with Count I, dealing in cocaine while in possession of a firearm, a Level 2 felony; Count II, possession of cocaine and a firearm, a Level 4 felony; Count III, dealing in a narcotic drug while in possession of a firearm, a Level 3 felony; Count IV, possession of a narcotic drug and a firearm, a Level 5 felony; Count V, unlawful possession of a firearm by a SVF, a Level 4 felony; Counts VI-VII, battery resulting in bodily injury to an officer, Level 5 felonies; Count VIII,

resisting law enforcement, a Class A misdemeanor; and Count IX, possession of marijuana, a Class B misdemeanor. Also, the State filed a habitual offender charge against Springfield, alleging that he had accumulated at least two prior unrelated felony convictions.

[7] On April 12, 2018, a trifurcated jury trial was held. The first phase of the trial involved all charges except for the Level 4 felony unlawful possession of a firearm by a SVF and the habitual offender charge. At the close of the evidence, the jury found Springfield guilty on Counts II, IV, V, VI, VIII, and IX. During the second phase, the jury found Springfield guilty of Count V, Level 5 felony unlawful possession of a firearm by a SVF. In the third phase, a bench trial was conducted since Springfield had waived his right to a jury trial. During the hearing, the State presented evidence of Springfield's prior unrelated convictions in relation to the habitual offender charge. At the close of the evidence, the trial court adjudicated Springfield a habitual offender.

[8] On May 14, 2018, the trial court conducted a sentencing hearing. After the parties had presented evidence, the trial court sentenced Springfield as follows: ten years for Count II, Level 4 felony possession of cocaine and a firearm. That sentence was enhanced by twenty years due to the habitual offender finding. The trial court also sentenced Springfield to six years on Count IV, Level 5 felony possession of a narcotic drug and a firearm; twelve years on Count V, Level 5 felony unlawful possession of a firearm by a SVF; six years on Count VI, Level 5 felony battery resulting in bodily injury to an officer; one year on Count VIII, Class A misdemeanor resisting law enforcement; and 180 days for

Count IX, Class B misdemeanor possession of marijuana. Springfield's sentences were to run concurrently for an aggregate sentence of thirty years in the Department of Correction.

[9] Springfield now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[10] Springfield contends that his convictions for Level 4 felony possession of cocaine and a firearm, Level 5 felony possession of a narcotic drug and a firearm, and Level 5 felony unlawful possession of firearm by a SVF violate Indiana's Double Jeopardy principles since they were based on the same evidence—*i.e.*, "possession of a single gun." (Appellant's Br. p. 12).

[11] Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Two or more offenses are the same offense in violation of this section "if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). Double jeopardy is violated when "a defendant's conviction for one crime is enhanced for . . . causing particular additional harm" because that "harm cannot also be used as an enhancement of a separate crime." *Id*. at 56 (Sullivan, J., concurring). When two convictions are found to violate double jeopardy principles, "a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing

so will eliminate the violation." *Richardson*, 717 N.E.2d at 54. Whether multiple convictions violate double jeopardy is a question of law, which this Court reviews *de novo*. *Rexroat v. State*, 966 N.E.2d 165, 168 (Ind. Ct. App. 2012).

[12] In addition, the Indiana Supreme Court has acknowledged five situations that violate the Indiana Double Jeopardy clause: (1) conviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished; (2) conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished; (3) conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished; (4) conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished; and (5) conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished. *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (Sullivan, J., concurring)). "These rules are sometimes referred to as Justice Sullivan's categories because he first enumerated them in his concurring opinion in *Richardson*." *Zieman v. State*, 990 N.E.2d 53, 61 (Ind. Ct. App. 2013).

[13] Springfield argues, based on *Guyton*'s Category 5, his convictions for Level 4 felony possession of cocaine and a firearm, and Level 5 felony possession of a

narcotic drug and a firearm, were based on the "possession of a single gun," and violate the Indiana double jeopardy law. (Appellant's Br. p. 12).

[14] To convict Springfield of possession of cocaine, the State was required to prove beyond a reasonable doubt that Springfield "without a valid prescription . . . knowingly or intentionally possesse[d] cocaine[.]" I.C. § 35-48-4-6(a). The offense is a Level 4 felony if "the amount of the drug involved is at least five (5) but less than ten (10) grams and an enhancing circumstance applies." I.C. § 35-48-4-6(c)(2). An enhancing circumstance means "one or more of the following . . . the person committed the offense while in possession of a firearm." I.C. § 35-48-1-16.5(2). In Count II, the State alleged that Springfield, "did knowingly or intentionally possess cocaine . . . weighing at least 5 grams, but less than 10 grams while . . . [Springfield was] in possession of a firearm." (Appellant's App. Vol. II, p. 49).

[15] Further, to convict Springfield of possession of a narcotic drug, the State was required to prove beyond a reasonable doubt that Springfield "without a valid prescription . . . knowingly or intentionally possesse[d] . . . a narcotic drug." I.C. § 35-48-4-6(a). Where the amount of the drug involved is "less than five (5) grams and an enhancing circumstance applies," the offense is a Level 5 felony. I.C. § 35-48-4-6(b)(2). Possessing a firearm during the commission of this offense constitutes an enhancing circumstance. *See* I.C. § 35-48-1-16.5(2). As charged in Count IV, the State alleged that Springfield, "did knowingly or intentionally possess fentanyl, pure or adulterated, a narcotic drug classified in

Schedule II[,] the said narcotic drug weighing less than 5 grams . . . while . . . [Springfield was] in possession of a firearm." (Appellant's App. Vol. II, p. 49).

[16] Lastly, Indiana Code section 35-47-4-5 prohibits the unlawful possession of a firearm by a serious violent felon. In relevant part the statute provides: "As used in this section, 'serious violent felon' means a person who has been convicted of: (1) committing a serious violent felony in . . . Indiana." I.C. § 35-47-4-5(a). The statute lists twenty-seven separate offenses qualifying as a serious violent felony including robbery (I.C. § 35-42-5-1). I.C. § 35-47-4-5(b)(13). As charged, in Count V, the State alleged that Springfield, "having previously been convicted of a serious violent felony, to-wit robbery. a Class B Felony, under cause number 49601-0409-FB-1 56857, did knowingly or intentionally possess a firearm." (Appellant's App. Vol. II, p. 49).

[17] Springfield's trial was trifurcated. At the end of the first phase, among other Counts, the jury found Springfield guilty of Level 4 felony possession of cocaine while armed with a firearm, and Level 5 felony possession of a narcotic while armed with a firearm. During the SVF phase, the State moved to incorporate all the evidence from the first phase and it submitted a certified document relative to Springfield's prior Class B felony robbery conviction committed in 2004. During closing arguments, the State argued, in part,

> [Springfield] had been found guilty of robbery, Class B felony, which classified him as a serious violent felon on December 6[], 2016. Because of that conviction, he is prohibited from lawfully possessing a firearm. You have already found that he possessed the firearm back on December 6[], 2016. Please take this

> evidence back with you, review it, and find him guilty on this
> [C]ount.

(Tr. Vol. II, p. 250).

[18] "In situations where a defendant has been convicted of one crime for engaging in the specified additional behavior or causing the specified additional harm, that behavior or harm cannot also be used as an enhancement of a separate crime; either the enhancement or the separate crime is vacated." *Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring). Applying this common law principle to Springfield's case means that if we determine that he was convicted and punished for the enhancement of possessing a firearm based on the same behavior or harm that forms the basis of his unlawful possession of a firearm by a SVF conviction, then double jeopardy principles are violated. It is readily apparent that the State invited the jury to rely on evidence that Springfield had a gun when he possessed cocaine and fentanyl, to also convict Springfield of unlawful possession of a firearm by a SVF. The same conduct cannot permissibly support both the enhancements and form the basis of a separate crime.

[19] When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. *Zieman*, 990 N.E.2d at 64. In the alternative, a reviewing court may vacate one of the convictions to eliminate a double jeopardy violation. *Id*. In making that

determination, we must be mindful of the penal consequences that the trial court found appropriate. *Id*.

[20] Because Springfield was convicted and punished for the enhanced drug offenses, based on the same behavior or harm—possession of a firearm—which formed the basis of his unlawful possession of a firearm by a SVF, double jeopardy principles were violated. To remedy the violation, we are reversing Springfield's conviction and accompanying sentence for the Level 5 felony unlawful possession of a firearm. *See Richardson*, 717 N.E.2d at 54 (indicating that when convictions violate double jeopardy principles, it is proper to vacate the convictions with the less severe penal consequences).

# CONCLUSION

[21] Based on the foregoing, we remand with instructions to the trial court to vacate Springfield's Level 5 felony unlawful possession of a firearm by SVF, and to sentence him accordingly.

[22] Affirmed in part, reversed in part, and remanded with instructions.

[23] Kirsch, J. and Robb, J. concur