


FILED

Jun 10 2019, 1:40 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-CR-348

## Dwayne A. Springfield,
*Appellant,*

—v—

## State of Indiana,
*Appellee.*

Decided: June 10, 2019

Appeal from the Marion Superior Court, No. 49G21-1612-F2-47464
The Honorable Alicia Gooden, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 18A-CR-1317

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

Following a traffic stop that ended in a police chase, Dwayne Springfield was charged with the following offenses, as relevant to this appeal:

- **Count II**: Possession of Cocaine under Indiana Code section 35-48-4-6(a), enhanced to a Level 4 felony under Indiana Code section 35-48-4-6(c)(2);
- **Count IV**: Possession of a Narcotic Drug under Indiana Code section 35-48-4-6(a), enhanced to a Level 5 felony under Indiana Code section 35-48-4-6(b)(2); and
- **Count V**: Unlawful Possession of a Firearm by a Serious Violent Felon, a Level 4 felony under Indiana Code section 35-47-4-5(c).

The State later added another count to charge Springfield with being a habitual offender under Indiana Code section 35-50-2-8.

A trifurcated trial was held in April 2018. The first phase of the trial involved Counts II and IV, and the jury found Springfield guilty of both. During the second phase, the jury determined that Springfield was guilty of Count V, the unlawful possession of a firearm by a serious violent felon. During the third phase, a bench trial, Springfield was adjudicated a habitual offender.

At the sentencing hearing, the trial court sentenced Springfield to 10 years for Count II, enhanced by 20 years for being a habitual offender; six years for Count IV; and 12 years for Count V. These sentences were ordered to be served concurrently, for an aggregate sentence of 30 years in the Indiana Department of Correction.

Springfield appealed, arguing that his conviction for Count V and the enhancements applied to Counts II and IV violated Indiana double jeopardy principles because they were based on the same evidence—his possession of a single firearm. This Court has held that "two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of

another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999) (emphases in original).

Citing *Richardson*, the Court of Appeals affirmed Springfield's convictions and sentences for Counts II and IV but reversed the conviction and sentence for Count V, the unlawful possession of a firearm by a serious violent felon. It remanded the matter to the trial court with instructions to vacate the Count V conviction and sentence Springfield accordingly. *Springfield v. State*, 116 N.E.3d 1160 (Ind. Ct. App. 2018), *reh'g denied*.

We grant transfer solely to eliminate the residual double jeopardy violation—Springfield's two drug-related convictions, both of which were enhanced based on the same evidence of his possession of a single firearm. Although the *use* of the same weapon during the commission of two or more distinct offenses may be used to enhance the level of each offense without offending double jeopardy protections, enhancing the level of two separate offenses for the continuous *possession* of a firearm would violate these principles. *Miller v. State*, 790 N.E.2d 437, 439 (Ind. 2003) (Sullivan, J., concurring). The appropriate remedy to address such violations is to reduce one of the offending convictions to a lesser included offense, if doing so will eliminate the violation. *Richardson*, 717 N.E.2d at 54.

Therefore, we remand this matter to the trial court for the entry of judgment on the jury verdicts of guilt for

- **Count II**: Possession of Cocaine as a Level 4 felony under Indiana Code section 35-48-4-6(c)(2); and
- **Count IV**: Possession of a Narcotic Drug as a Level 6 felony under Indiana Code section 35-48-4-6(a);

and for a determination of the appropriate sentence for each conviction.

We summarily affirm the opinion of the Court of Appeals in all other respects. *See* App. R. 58(A)(2).


All Justices concur.

ATTORNEY FOR APPELLANT

Valerie K. Boots
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana